■ CHARLEEN DARROW et al., Respondents, v GLENN L. LAVANCHA et al., Appellants.—Mahoney, P. J. Appeal from an order of the Supreme Court (White, J.), entered December 4,

1989 in Montgomery County, which granted plaintiffs' motion to set aside a verdict in favor of defendants and granted a new trial.

On June 18, 1987, plaintiff Charleen Darrow (hereinafter plaintiff) stopped her vehicle in preparation to turn left from State Route 162 in the Town of Root, Montgomery County, when she was struck from behind by a truck owned and operated by defendants. Plaintiff and her husband commenced this action for money damages and derivative losses alleging negligence. After trial, the jury returned a verdict for defendants, finding that injuries suffered by plaintiff were not proximately caused by the accident. Plaintiff moved pursuant to CPLR 4404 (a) to set aside the verdict. Supreme Court granted the motion, finding that the testimony of both parties' medical experts attributed at least some of plaintiff's injuries to the accident. Defendants appeal from the order.

A motion to set aside the verdict should be granted only in that rare circumstance where the preponderance of the evidence weighs so heavily in one party's favor that a jury verdict for the other party could not have been reached by any fair interpretation of the evidence, so that the verdict is not rational (see, Gallagher's Stud v Fishman, 156 AD2d 50, 53; Rowe v Board of Educ., 120 AD2d 850, 851, lv denied 68 NY2d 609). Defendants contend that the verdict in their favor merely reflects the jury's resolution of conflicting evidence. Our review of the record reveals otherwise. As Supreme Court noted, both plaintiff's medical expert and defendants' medical expert testified that at least some of plaintiff's injuries could be traced to the accident. This undisputed fact is not undermined by the experts' disagreement about the extent to which the accident caused the injuries. In the absence of any expert evidentiary dispute that the accident caused at least some of plaintiff's injuries, there was no fair interpretation of the evidence supporting a verdict for defendants and Supreme Court properly granted plaintiff's motion to set aside the verdict.

Defendants further contend that plaintiff never pleaded an aggravation of a preexisting injury so that this theory could not be used to grant the motion. Supreme Court granted plaintiff's motion to conform the pleadings to the proof and defendants' own expert recognized the aggravation. Under such circumstances, we are of the view that defendants have no basis to complain on this ground.

Order affirmed, with costs. Mahoney, P. J., Casey, Levine, Mercure and Harvey, JJ., concur.