■ MICHAEL BROWNE, JR., et al., Respondents, v RICHARD PIKULA, Appellant. [682 NYS2d 750] —Order unanimously modified on the law and as modified affirmed without costs and new trial granted on proximate cause and damages only in accordance with the following Memorandum: On July 21, 1995, defendant backed out of a parking space and collided with plaintiffs' van, allegedly causing injury to Michael Browne, Jr. (plaintiff). At trial, medical experts testified on behalf of plaintiffs and defendant. The jury found that, although defendant was negligent, such negligence was not a proximate cause of plaintiff's injuries. Plaintiffs moved pursuant to CPLR 4404 (a) to set aside the verdict as against the weight of the evidence on the issue of proximate cause. Supreme Court granted the motion and directed that judgment be entered in favor of plaintiffs as a matter of law on the issue of proximate cause.

The court properly set aside the verdict as against the weight of the evidence. Although the medical experts disagreed concerning the extent to which the accident caused plaintiff's injuries, it was undisputed that at least some of plaintiff's injuries were attributable to the accident (*see, Darrow v Lavancha*, 169 AD2d 965, 966). Based upon that undisputed evidence, the jury verdict finding that defendant's negligence did not proximately cause plaintiff's injuries could not have been reached on any fair interpretation of the evidence (*see, Lolik v Big V Supermarkets*, 86 NY2d 744, 746).

The court erred, however, in directing judgment as a matter of law in favor of plaintiffs on the issue of proximate cause. "A determination setting aside a jury verdict as against the weight of the evidence 'results only in a new trial and does not deprive the parties of their right to ultimately have all disputed issues of fact resolved by a jury'" (*Rogers v DiChristina*, 195 AD2d 1061, 1062, quoting *Nicastro v Park*, 113 AD2d 129, 133; *see also, Cohen v Hallmark Cards*, 45 NY2d 493, 498). We modify

the order, therefore, by vacating the second and third ordering paragraphs, and we grant a new trial on proximate cause and damages only. (Appeal from Order of Supreme Court, Erie County, Cosgrove, J.—Set Aside Verdict.) Present—Denman, P. J., Hayes, Balio, Boehm and Fallon, JJ.