■ GLADYS ESPINOZA, Respondent, v CONCORDIA INTERNATIONAL FORWARDING CORP. et al., Appellants. [820 NYS2d 259]—

Order, Supreme Court, Bronx County (George D. Salerno, J.), entered January 5, 2006, which, in an action for personal injuries, inter alia, denied defendants' motion and cross motion to dismiss the complaint, unanimously affirmed, without costs.

Plaintiff timely commenced an action to recover damages for personal injuries she allegedly sustained on August 30, 2002 as a result of a workplace accident. That action was dismissed on or about April 1, 2004 after plaintiff's counsel, who missed three previous conferences, failed to appear at a compliance conference. On August 4, 2005, plaintiff commenced this action to recover damages based upon the same workplace accident that was the subject of the first action.

Defendants Professional Line Warehousing, doing business as Pro Line Warehousing, and Raphael Hernandez moved to dismiss this action pursuant to CPLR 3211 on the ground that it was barred by the doctrine of res judicata. Defendant Concordia International Forwarding Corp. cross-moved for the same relief. Supreme Court denied the motion and cross motion.

Plaintiff's first action was dismissed under 22 NYCRR 202.27 (b), which permits the court to dismiss an action upon a plaintiff's failure to appear at a scheduled conference (*see Campos v New York City Health & Hosps. Corp.*, 307 AD2d 785 [2003]). As defendants correctly note, in order to vacate her default plaintiff would be required to demonstrate both a reasonable excuse for her failure to appear at the conference and a meritorious cause of action (*see e.g. Kein v Zeno*, 23 AD3d 351 [2005]). However, plaintiff did not seek to vacate her default in the prior action; rather she commenced a new action within the applicable statute of limitations (*see Bank of N.Y. v LS Monticello JV*, 209 AD2d 464 [1994]).

This case represents an instance in which a plaintiff can avoid making the requisite dual showing to vacate a default under section 202.27. In many cases, dismissal pursuant to section 202.27 occurs after the statute of limitations has expired, precluding the plaintiff from commencing a new action. In such cases, the plaintiff's sole remedy is to seek to vacate the default and make a sufficient evidentiary showing to establish a reasonable excuse for the failure to appear and a meritorious cause of action.

Even on these less typical facts, dismissal of plaintiff's first action was not without any adverse consequences, as plaintiff was required to purchase a new index number to commence this action. Although this is a relatively insignificant consequence compared to the prospect of being out of court entirely, it is the only one the law presently permits.

Defendants' contention that this action is barred by the doctrine of res judicata is without merit. A prior order that does not indicate an intention to dismiss the action on the merits is not a basis for the application of the doctrine of res judicata (*see Miller Mfg. Co. v Zeiler*, 45 NY2d 956 [1978]; *Wilson v New York City Hous. Auth.*, 15 AD3d 572 [2005]; *Mudry v Giannattasio*, 8 AD3d 455 [2004]). Here, the first action was dismissed as a result of plaintiff's counsel's failure to attend a compliance conference, not on the merits. Concur—Buckley, P.J., Tom, Friedman, Nardelli and McGuire, JJ.