■ RONALD LIQUORE et al., Appellants, v TRI-ARC MANUFAC-TURING CO., Respondent. [820 NYS2d 806]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Barone, J.), entered August 4, 2004, as, in effect, denied that branch of their motion which was to compel the production of certain litigation records.

Ordered that the order is reversed insofar as appealed from, on the law and as a matter of discretion, without costs or disbursements, and the matter is remitted to the Supreme Court, Westchester County, for an in camera review and a new determination in accordance herewith; and it is further,

Ordered that within 60 days of service upon it of a copy of this decision and order the defendant shall respond to the plaintiffs' "notice for discovery and inspection of other pending lawsuits involving same component" by furnishing all responsive documents to the Supreme Court, Westchester County, for an in camera review or providing an affidavit in accordance herewith.

While the plaintiff demonstrated that certain prior litigation documents may be relevant and, thus, subject to disclosure (*see generally* CPLR 3101 [a]; *Allen v Crowell-Collier Publ. Co.,* 21 NY2d 403 [1968]), the papers submitted in support of and in opposition to the plaintiff's motion, inter alia, to compel the production of those documents were insufficient to make a determination as to whether or not those documents were in fact relevant and not otherwise privileged. Thus, the Supreme Court should have examined the documents, in camera, prior to making its determination. Accordingly, within 60 days of service upon it of a copy of this decision and order, the defendant is directed to furnish the disputed documents to the Supreme Court, Westchester County, for an in-camera review. In the event the requested documents are not available or have been destroyed, the defendant is directed to provide an affidavit from the person who searched for them detailing the person's qualifications, and the efforts made to locate them and the details of their destruction if appropriate (*see generally* CPLR 3101; *Gerardi v Nassau/Suffolk Airport Connection,* 288 AD2d 181 [2001]; *Sadicario v Stylebuilt Accessories,* 250 AD2d 830 [1998]). Florio, J.P., Krausman, Mastro and Dillon, JJ., concur.