■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VELMA EVERETT, Appellant. [825 NYS2d 359]—Judgment, Supreme Court, Bronx County (Seth L. Marvin, J.), rendered March 18, 2005, convicting defendant, after a nonjury trial, of grand larceny in the third degree, and sentencing her to a conditional discharge, unanimously affirmed.

The verdict was not against the weight of the evidence. There is no basis for disturbing the court's determinations concerning credibility (see People v Bleakley, 69 NY2d 490, 495 [1987]). There is no merit to defendant's assertion that the court misapprehended the purpose and significance of certain defense exhibits. Concur—Buckley, P.J., Mazzarelli, Andrias, Sullivan and Sweeny, JJ.

■ MAYRA DIAZ KALISCH, Appellant, v MAPLE TRADE FINANCE CORPORATION, Respondent. (And a Third-Party Action.) [827 NYS2d 40]—

Order, Supreme Court, New York County (Jane S. Solomon, J.), entered February 15, 2006, which, to the extent appealed from, denied plaintiff's motion to vacate her default and dismissed the complaint with prejudice, unanimously modified, on the law and the facts, to the extent of directing that the dismissal of the complaint be without prejudice, and otherwise affirmed, without costs.

In order to vacate her default, plaintiff would be required to demonstrate both a reasonable excuse for her failure to appear at the conference and a meritorious cause of action (Espinoza v Concordia Intl. Forwarding Corp., 32 AD3d 326 [2006]). Assuming, arguendo, that plaintiff demonstrated a reasonable excuse for her failure to appear at a scheduled conference, she wholly failed to establish a meritorious cause of action. No affidavit of merit was annexed to the motion papers.

Nevertheless, the adjudication was not for neglect to prosecute and was not on the merits (Greenberg v De Hart, 4 NY2d 511, 516-517 [1958]). Therefore, the dismissal does not have res judicata effect (Espinoza, 32 AD3d at 328). Concur—Buckley, P.J., Mazzarelli, Andrias, Sullivan and Sweeny, JJ.