■ FRANK CACCIOPPOLI et al., Appellants, v CITY OF NEW YORK et al., Respondents, et al., Defendant. [857 NYS2d 640]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Kings County (Levine, J.), entered October 10, 2006, as, upon a jury verdict, is in favor of the defendants City of New York and Oronzo N. Candido and against them, in effect, dismissing the complaint insofar as asserted against them.

Ordered that the judgment is reversed insofar as appealed from, on the law and in the exercise of discretion, the complaint is reinstated against the respondents, and the matter is remit-

ted to the Supreme Court, Kings County, for a new trial against the respondents on the issues of causation and damages, with costs to abide the event.

The plaintiff Frank Caccioppoli (hereinafter the plaintiff) was a sanitation worker with the New York City Department of Sanitation. On December 6, 1996 he was working as the "guide man" on an "easy pack" sanitation truck driven by his partner, the defendant Oronzo N. Candido. At the corner of 8th Street and 5th Avenue in Brooklyn, Candido failed to stop at a stop sign and collided with a car driving south on 5th Avenue. The right front bumper of the sanitation truck made contact with the front left wheel of the car, with a light to medium impact.

Caccioppoli and his wife commenced this action, alleging, inter alia, that his knee was injured in the accident, resulting in permanent disability. After a trial, the jury found that Candido was negligent, but that his negligence was not a proximate cause of the plaintiff's injuries.

The jury verdict was not against the weight of the evidence. Here, it was disputed whether the plaintiff's injuries were caused by the accident or were the result of a prior existing condition (cf. Browne v Pikula, 256 AD2d 1139 [1998]; Darrow v Lavancha, 169 AD2d 965, 966 [1991]). Therefore, the jury's verdict finding that the accident was not a proximate cause of the plaintiff's injuries was based on a fair interpretation of the evidence (see Lolik v Big V Supermarkets, 86 NY2d 744, 746 [1995]; Nicastro v Park, 113 AD2d 129, 134 [1985]).

However, the Supreme Court improvidently exercised its discretion in permitting the defendants City of New York and Candido (hereinafter together the City defendants) to offer the testimony of a radiologist, Dr. A. Robert Tantleff, over the plaintiffs' objection. Counsel for the City defendants gave the plaintiffs notice pursuant to CPLR 3101 (d) of the doctor's testimony one day before trial, and failed to show good cause for their last-minute retention of Tantleff (see Klatsky v Lewis, 268 AD2d 410, 411 [2000]). While the City defendants turned over Tantleff's report soon after it was received, they offered no excuse for retaining him only two days before trial. Further, the plaintiffs were prejudiced by the late notice. Tantleff testified that the magnetic resonance imaging films showed tears of knee cartilage attributable to osteoarthritis, a slow degenerative disease, rather than trauma. This was a new theory not previously disclosed, which the plaintiffs had no opportunity to prepare to rebut. "[The City] [d]efendant[s'] inexcusably belated service on the very eve of trial of new CPLR 3101 (d) responses noticing new experts in support of newly raised defense theories can-

not be countenanced" (*Lissak v Cerabona*, 10 AD3d 308, 309 [2004]). This error was not harmless. Accordingly, the matter must be remitted to the Supreme Court, Kings County, for a new trial on the issues of causation and damages.

The plaintiffs' remaining contentions are without merit. Rivera, J.P., Lifson, Florio and Chambers, JJ., concur.