■ LORIMER P. BROOKS, Appellant-Respondent, v HAROLD HAIDT et al., Respondents-Appellants. [873 NYS2d 563]—

Order, Supreme Court, New York County (Helen E. Freedman, J.), entered October 25, 2007, which, in an action for a partnership accounting and related relief, granted defendants' motion to dismiss the complaint, affirmed, without costs.

Plaintiff's accounting cause of action accrued upon the dissolution of the subject partnership (Partnership Law § 74) and is barred by the six-year statute of limitations under CPLR 213 (1) (*see Sagus Mar. Corp. v Rynne & Co.*, 207 AD2d 701, 702 [1994]). Contrary to plaintiff's assertion, the partnership agreement does not provide otherwise. We note that, contrary to the IAS court's determination, the action is not barred by the doctrine of res judicata, where plaintiff's prior action involving the same claims was dismissed under 22 NYCRR 202.27 (b) in an order that was without prejudice to a motion to have the matter restored and did not otherwise indicate an intention to dismiss on the merits (*see Espinoza v Concordia Intl. Forwarding Corp.*, 32 AD3d 326, 328 [2006]).

The denial of sanctions against plaintiff was not improvident. Concur—Tom, J.P., Nardelli, Acosta and DeGrasse, JJ.

McGuire, J., concurs in a separate memorandum as follows: Although I agree with the majority that the order dismissing the complaint should be affirmed, that the cause of action for an accounting is time-barred and that Supreme Court providently exercised its discretion in declining to impose frivolity sanctions against plaintiff, I disagree with the majority's conclusion that plaintiff was not precluded by res judicata from relitigating his six causes of action seeking damages.

On December 8, 2003, plaintiff commenced an action in Supreme Court, Westchester County, against defendants seeking damages for negligence and fraud, alleging that defendants engaged in tortious conduct that maximized defendants' shares in the parties' law firm to plaintiff's detriment. Plaintiff also alleged that defendants failed to pay plaintiff for his capital contribution to the firm. That action was dismissed by Supreme Court on April 4, 2005 pursuant to 22 NYCRR 202.27 based on plaintiff's failure to appear at a compliance conference and failure to provide court-ordered disclosure. A motion by plaintiff to vacate this order was denied on June 21, 2005, the court finding, among other things, that plaintiff failed to demonstrate that his action had merit. The Appellate Division, Second Department, affirmed the order denying plaintiff's motion to vacate (30 AD3d 365 [2006], *lv dismissed in part and denied in part* 7 NY3d 856 [2006]).

On February 8, 2007, plaintiff commenced this action in Supreme Court, New York County, against defendants asserting the same claims he had asserted in the Westchester County action and a cause of action for an accounting. Defendants moved to dismiss this new action on the grounds that plaintiff was barred by res judicata from asserting the claims raised in the

prior action and that the cause of action for an accounting was time-barred. Defendants also moved for frivolity sanctions against plaintiff. Supreme Court granted those portions of the motion that sought dismissal of the complaint and denied that portion of the motion that sought sanctions.

"Under the doctrine of res judicata, a party may not litigate a claim where a judgment on the merits exists from a prior action between the same parties involving the same subject matter . . . The rationale underlying this principle is that a party who has been given a full and fair opportunity to litigate a claim should not be allowed to do so again" (*Matter of Hunter*, 4 NY3d 260, 269 [2005]). "The primary purposes of res judicata are grounded in public policy concerns and are intended to ensure finality, prevent vexatious litigation and promote judicial economy" (*Xiao Yang Chen v Fischer*, 6 NY3d 94, 100 [2005]).

Here, the order of Supreme Court, Westchester County, denying plaintiff's motion to vacate his default, which was affirmed by the Second Department, precludes plaintiff from relitigating the claims brought in his prior action. In denying that motion, Supreme Court found that plaintiff failed to demonstrate the merits of his claims, a necessary precondition to relief under CPLR 5015 (a) (1) from a 22 NYCRR 202.27 dismissal. That finding was not disturbed by the Second Department. The primary purposes of res judicata—to ensure finality, prevent vexatious litigation and promote judicial economy—would be undermined by permitting plaintiff to relitigate the first six causes of action he asserts in this action because he already "has had his day in court" on those claims (*Good Health Dairy Prods. Corp. v Emery*, 275 NY 14, 18 [1937]).

*Espinoza v Concordia Intl. Forwarding Corp.* (32 AD3d 326 [2006]) is distinguishable because the plaintiff in *Espinoza* did not move to vacate the dismissal of her prior action, which was dismissed under section 202.27. Rather, the plaintiff, within the applicable statute of limitations, commenced a new action on the same claims. Thus, no determination on the merits of her claims was made or needed to be made, and her subsequent action was therefore not barred by res judicata.*

Additionally, plaintiff's new cause of action for an accounting, which is based on the same facts and transactions that were the subject of the prior action seeking only damages, is barred by res judicata because that doctrine "applies not only to claims

---

* While the majority determines that plaintiff is not barred by res judicata from relitigating the six causes of action he asserted in the prior action, it offers no rationale for its affirmance of those portions of Supreme Court's order dismissing those claims.

actually litigated but also to claims that could have been raised in the prior litigation" (*Matter of Hunter*, 4 NY3d at 269). This cause of action should be dismissed for an independent reason—it is, as the majority concludes, time-barred.