■ Sona Persaud, Respondent, v Maheshawarie Pharsi et al., Appellants. [892 NYS2d 868]—In an action, inter alia, to impose a constructive trust upon certain real property, the defendants appeal, as limited by their brief, from so much of an order and judgment (one paper) of the Supreme Court, Queens County (Dollard, J.), entered February 5, 2009, as denied that branch of their motion which was to vacate a prior judgment of the same court entered November 15, 2006 (O'Donoghue, J.), upon their default, imposing a constructive trust on the subject property and directing them to convey to the plaintiff legal title to a one-half interest in that property, and, upon granting those branches of the plaintiff's cross motion which were to appoint a referee to determine the rights of the parties and to recommend apportionment or partition and sale of the property, and for the issuance of a warrant for the defendants' arrest as a sanction for contempt of court pursuant to an order of the same court (Dollard, J.), entered January 18, 2008, appointed a referee and directed the issuance of a warrant for the defendants' arrest.

Ordered that the order and judgment is modified, on the law, by deleting the provision thereof granting that branch of the plaintiff's cross motion which was for the issuance of a warrant for the defendants' arrest as a sanction for contempt of court, and substituting therefor a provision denying that branch of the cross motion; as so modified, the order and the judgment is affirmed insofar as appealed from, with costs to the plaintiff.

The Supreme Court properly denied that branch of the defendants' motion which was to vacate the prior judgment entered November 15, 2006, upon their default. The defendants' motion to vacate the default judgment was untimely (*see*

CPLR 5015 [a] [1]), and the Supreme Court did not improvidently exercise its discretion in denying that untimely motion under the circumstances herein.

Contrary to the defendants' contention, the Supreme Court did not violate the law of the case in appointing a referee to determine the rights of the parties and to recommend apportionment or partition and sale of the subject property. The prior default judgment did not determine the merits of the issues raised and, therefore, did not constitute the law of the case (see Peerless Ins. Co. v Micro Fibertek, Inc., 67 AD3d 978 [2009]; see also Allstate Ins. Co. v Liberty Lines Tr., Inc., 50 AD3d 712, 713 [2008]; Meekins v Town of Riverhead, 20 AD3d 399, 400 [2005]).

However, the court should not have granted that branch of the plaintiff's cross motion which was for the issuance of a warrant for the defendants' arrest as a sanction for contempt. The record contains no proof that the order entered January 18, 2008, was properly served upon the defendants. Rivera, J.P., Dillon, Belen and Roman, JJ., concur.