■ FRANCHISE ACQUISITIONS GROUP CORP., Respondent, v JEFFERSON VALLEY MALL LIMITED PARTNERSHIP, Appellant. [900 NYS2d 906]—

In an action, inter alia, for a judgment declaring that the plaintiff is not in breach of a certain lease and to recover damages for malicious prosecution, the defendant appeals from an order of the Supreme Court, Westchester County (Rudolph, J.), entered February 17, 2009, which denied its motion to dismiss the complaint on the ground that it was barred by the doctrine of res judicata or, alternatively, to dismiss the cause of action to recover damages for malicious prosecution as time-barred.

Ordered that the order is affirmed, with costs.

The prior action involving the same parties, which was commenced in the Supreme Court, Westchester County, on January 11, 2006, was dismissed pursuant to 22 NYCRR 202.27 (b) in an order dated October 31, 2007, based on the plaintiff's failure to appear at a scheduled pretrial conference. This Court affirmed the dismissal in a decision and order dated May 13, 2008, finding that the plaintiff failed to set forth a reasonable excuse for its failure to appear at the conference (*see Franchise Acquisitions Group Corp. v Jefferson Val. Mall Ltd. Partnership*, 51 AD3d 717 [2008]).

Contrary to the defendant's contention, the dismissal of the prior action was upon the plaintiff's default, and thus did not constitute a determination on the merits (*see Kaufman v Eli Lilly & Co.*, 65 NY2d 449, 456-457 [1985]; *Merchants Ins. Group v Hudson Val. Fire Protection Co., Inc.*, 72 AD3d 762 [2010]; *Persaud v Pharsi*, 70 AD3d 660 [2010]). Accordingly, the doctrine of res judicata, which bars future actions if a valid final judgment on the merits was rendered in a prior action between the same parties and on the same cause of action (*see Parker v Blauvelt Volunteer Fire Co.*, 93 NY2d 343, 347-348 [1999];

*O'Brien v City of Syracuse*, 54 NY2d 353, 357 [1981]; *Matter of Segreto v Grannis*, 70 AD3d 704 [2010]), does not apply to bar the instant action (*see Djoganopoulos v Polkes*, 67 AD3d 726 [2009]; *Brooks v Haidt*, 59 AD3d 233 [2009]). Moreover, the record does not support the defendant's contention that the prior action was dismissed for failure to prosecute (*see* CPLR 205 [a]; 3216). Accordingly, the plaintiff was entitled to rely on the six-month tolling provision set forth in CPLR 205 (a) in commencing the instant action on July 10, 2008 (*see Burns v Pace Univ.*, 25 AD3d 334 [2006]; *see also Andrea v Arnone, Hedin, Casker, Kennedy & Drake, Architects & Landscape Architects, P.C. [Habiterra Assoc.]*, 5 NY3d 514, 519 [2005]).

Further, because the malicious prosecution cause of action asserted in the prior action was timely asserted, the identical malicious prosecution cause of action asserted in the amended complaint in the instant action is not time-barred (*see* CPLR 205 [a]; 215 [3]). Mastro, J.P., Miller, Leventhal and Belen, JJ., concur.