■ 47 THAMES REALTY, LLC, Appellant, v PAUL RUSCONIE et al., Respondents. [925 NYS2d 183]—

In a consolidated action, inter alia, for ejectment and to recover damages for use and occupancy, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Bayne, J.), dated July 6, 2009, as denied those branches of its motion which were pursuant to CPLR 3211 (b) to dismiss the defendants' fourth affirmative defense, and for summary judgment on its first cause of action, and granted those branches of the defendants' separate cross motions which were for summary judgment dismissing the complaint as barred by collateral estoppel or, alternatively, to strike the complaint pursuant to CPLR 3126.

Ordered that the order is modified, on the law, on the facts, and in the exercise of discretion, by deleting the provisions thereof granting those branches of the defendants' separate cross motions which were for summary judgment dismissing the complaint as barred by collateral estoppel or, alternatively, to strike the complaint pursuant to CPLR 3126, and substituting therefor provisions denying those branches of the defendants' separate cross motions; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

Collateral estoppel "precludes a party from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party or those in privity, whether or not the tribunals or causes of action are the same" (*Ryan v New York Tel. Co.*, 62 NY2d 494, 500 [1984]; *see Gramatan Home Invs. Corp. v Lopez*, 46 NY2d 481, 485 [1979]). In other words, "collateral estoppel effect will only be given to matters actually litigated and determined in a prior action" (*Kaufman v Eli Lilly & Co.*, 65 NY2d 449, 456 [1985] [internal quotation marks omitted]). "An issue is not actually litigated if, for example, there has been a default, a confession of liability, a failure to place a matter in issue by proper pleading or even because of a stipulation" (*id.* at 456-457). Thus, contrary to the Supreme Court's conclusion, the entry of a default order upon the plaintiff's failure to appear at a compli-

ance conference in a related action (*47 Thames Realty, LLC v Robinson*, index No. 2227/06) was not entitled to collateral estoppel effect in this action (*see Kaufman v Eli Lilly & Co.*, 65 NY2d at 456-457; *see also Greenberg v De Hart*, 4 NY2d 511, 515 [1958]; *Franchise Acquisitions Group Corp. v Jefferson Val. Mall Ltd. Partnership*, 73 AD3d 1123 [2010]; *Brooks v Haidt*, 59 AD3d 233, 234 [2009]; *Aguilar v Jacoby*, 34 AD3d 706, 707-708 [2006]; *Espinoza v Concordia Intl. Forwarding Corp.*, 32 AD3d 326, 328 [2006]). Accordingly, the Supreme Court should not have dismissed the complaint on this basis.

To the extent the Supreme Court struck the complaint based on the plaintiff's failure to comply with the defendants' discovery demands, it was an improvident exercise of discretion, as the defendants failed to show clearly that the plaintiff's conduct was willful and contumacious (*see Lomax v Rochdale Vil., Inc.*, 76 AD3d 999 [2010]; *Iscowitz v County of Suffolk*, 54 AD3d 725 [2008]).

The plaintiff, however, failed to satisfy its prima facie burden of establishing its entitlement to judgment as a matter of law on its first cause of action to eject the defendants, as the plaintiff did not demonstrate that the defendants fall outside the coverage of the Emergency Tenant Protection Act of 1974 (*see* McKinney's Uncons Laws of NY § 8621 *et seq.* [L 1974, ch 576, § 4, as amended]; *Matter of Gracecor Realty Co. v Hargrove*, 90 NY2d 350 [1997]; *Matter of Salvati v Eimicke*, 72 NY2d 784 [1988]). Concomitantly, the plaintiff did not demonstrate its entitlement to dismissal of the defendants' fourth affirmative defense pursuant to the Emergency Tenant Protection Act.

In addition, as indicated by the parties in their supplemental submissions to this Court, during the pendency of this appeal, the Legislature amended the "Loft Law" (*see* Multiple Dwelling Law art 7-C). Contrary to the plaintiff's contention, the record fails to establish that the subject building does not meet the definition of an "interim multiple dwelling" (*see* Multiple Dwelling Law § 281 [1], [5]). Mastro, J.P., Chambers, Roman and Cohen, JJ., concur.