(September 20, 2011)

■ DEONTAE BANISTER et al., Appellants, v BELINDA MARQUIS et al., Respondents. [929 NYS2d 748]—

Contrary to the plaintiffs' contention, the trial court providently exercised its discretion in precluding them from calling an expert radiologist to testify. The proffered explanation for failing to identify this witness until after the trial began was not based on good cause (*see* CPLR 3101 [d] [1] [i]; *Lucian v Schwartz*, 55 AD3d 687, 688 [2008]; *Caccioppoli v City of New York*, 50 AD3d 1079, 1080 [2008]).

The trial court properly admitted into evidence the reports of

a radiologist from Long Island Jewish Medical Center, as they were germane to the diagnosis and treatment of the infant plaintiff (*see* CPLR 2306, 4518 [a], [c]; *Murray v Weisenfeld*, 37 AD3d 432, 433 [2007]; *Bruce-Bishop v Jafar*, 302 AD2d 345 [2003]; *Fanelli v diLorenzo*, 187 AD2d 1004, 1005 [1992]; *Maxcy v County of Putnam*, 178 AD2d 729 [1991]; *Wilson v Bodian*, 130 AD2d 221, 229 [1987]). Further, it was not improper for the defendants' experts to rely, in part, upon those reports in formulating their opinions (*see O'Shea v Sarro*, 106 AD2d 435, 437 [1984]).

The trial court should have prohibited counsel for the defendant Belinda Marquis from questioning an expert witness for the plaintiffs about a hypothetical pertaining to the probability of the infant plaintiff having both a pectus carinatum and fibromatosis, as the hypothetical was not based on facts supported by the evidence, nor from facts fairly inferable from the evidence (*see Gilleo v Horton Mem. Hosp.*, 196 AD2d 569, 570 [1993]). However, the error was harmless (*see* CPLR 2002; *Kropf v New York Hosp.*, 212 AD2d 761 [1995]). The trial court's comments about the hypothetical did not deprive the plaintiffs of a fair trial (*see Figueroa v Maternity Infant Care Family Planning Project, Med. & Health Research Assn. of N.Y. City*, 243 AD2d 424 [1997]).

The plaintiffs' remaining contentions are without merit. Dillon, J.P., Florio, Chambers and Miller, JJ., concur.