■ THOMAS P. REID, Individually and on Behalf of the Estate of ROBERT REID, Deceased, Respondent-Appellant, v CLIFFORD

B. Soults et al., Appellants-Respondents, et al., Defendants.
[980 NYS2d 579]—

In an action to recover damages for medical malpractice and wrongful death, the defendants Clifford B. Soults and Adirondack Neurosurgical Specialists, P.C., appeal, as limited by their brief, from so much of an amended order of the Supreme Court, Westchester County (Leftkowitz, J.), entered March 21, 2012, as denied those branches of their motion which were to compel the plaintiff to comply with their demand for discovery and inspection with respect to a certain videotape compilation and their demand for an authorization for a nonparty's YouTube account, and the plaintiff cross-appeals from stated portions of the same amended order.

Ordered that the cross appeal is dismissed as abandoned, without costs or disbursements; and it is further,

Ordered that the amended order is reversed insofar as appealed from, on the law and in the exercise of discretion, without costs or disbursements, and the matter is remitted to the Supreme Court, Westchester County, for an in camera review and a new determination thereafter of those branches of the motion of the defendants Clifford B. Soults and Adirondack Neurosurgical Specialists, P.C. which were to compel the plaintiff to comply with their demand for discovery and inspection with respect to a certain videotape compilation and their demand for an authorization for a nonparty's YouTube account, in accordance herewith.

CPLR 3101 (a) is to be liberally construed "to require disclosure, upon request, of any facts bearing on the controversy which will assist preparation for trial by sharpening the issues and reducing delay and prolixity" (*Allen v Crowell-Collier Publ. Co.*, 21 NY2d 403, 406 [1968]). "[T]he party seeking discovery must first satisfy the threshold requirement that the disclosure sought is 'material and necessary,' whether the request is directed to a party (*see* CPLR 3101 [a] [1]) or a nonparty (*see* CPLR 3101 [a] [4])" (*Kooper v Kooper*, 74 AD3d 6, 10 [2010]). In addition, a party seeking disclosure from a nonparty must set forth the "circumstances or reasons" why disclosure is "sought or required" from such nonparty witness (CPLR 3101 [a] [4]; *see Dicenso v Wallin*, 109 AD3d 508, 509 [2013]). "[M]ore than mere relevance and materiality is necessary to warrant disclosure from a nonparty" (*Kooper v Kooper*, 74 AD3d at 17-18 [internal quotation marks omitted]).

Here, the defendants Clifford B. Soults and Adirondack

Neurosurgical Specialists, P.C. (hereinafter together the appellants) sought to compel the discovery and inspection of a certain videotape compilation and its sources, created by a nonparty, the brother of the plaintiff's decedent (hereinafter the nonparty), and posted to the nonparty's YouTube account. The videotape compilation purportedly contained several video clips depicting the decedent's lifestyle prior to the subject hospitalization. The appellants also sought to compel the plaintiff to obtain and furnish an authorization for the nonparty's YouTube account. The appellants demonstrated that the requested discovery may be relevant to issues of pecuniary loss and life expectancy (*see Gilleo v Horton Mem. Hosp.*, 196 AD2d 569, 570-571 [1993]). However, the papers submitted in support of, and in opposition to, those branches of the appellants' motion were insufficient to make a determination as to whether the requested discovery was in fact relevant to those issues (*see Liquore v Tri-Arc Mfg. Co.*, 32 AD3d 904, 905 [2006]). Under these circumstances, the Supreme Court should have examined the subject videotape compilation, in camera, prior to making its determination (*see id.*).

Accordingly, we remit this matter to the Supreme Court, Westchester County, to schedule an in camera review of the subject videotape compilation and for a new determination thereafter of those branches of the appellants' motion which were to compel the plaintiff to comply with their demand for discovery and inspection with respect to that videotape compilation and its sources and their demand for an authorization for the nonparty's YouTube account.

Since the plaintiff failed to make any argument in its brief seeking reversal or modification of the amended order, the plaintiff's cross appeal must be dismissed as abandoned (*see Matter of Level 3 Communications, LLC v DeBellis*, 72 AD3d 164, 177 [2010]; *Cambry v Lincoln Gardens*, 50 AD3d 1081, 1084 [2008]). Dillon, J.P., Leventhal, Hall and Austin, JJ., concur.