■ 47 THAMES REALTY, LLC, Respondent, v PAUL RUSCONI et al., Appellants. [983 NYS2d 301]—

In a consolidated action, inter alia, for ejectment and to recover damages for use and occupancy, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Bayne, J.), dated June 27, 2012, as denied their motion for an award of attorney's fees pursuant to Real Property Law § 234, and directed that the action be restored to the active pre-note of issue calendar, effective nunc pro tunc to June 14, 2011.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court properly denied the defendants' motion for an award of attorney's fees pursuant to Real Property Law § 234 because the matter has not terminated in their favor (*see* Real Property Law § 234). In an order dated July 6, 2009, the Supreme Court, inter alia, granted those branches of the defendants' separate cross motions which were for summary judgment dismissing the complaint as barred by collateral estoppel or, alternatively, to strike the complaint pursuant to CPLR 3126 based on the plaintiff's failure to comply with discovery requests. The Supreme Court did not determine that the defendants were entitled to summary judgment dismissing the complaint on any of the additional grounds the defendants had advanced in their separate cross motions. In a decision and order dated June 14, 2011, this Court concluded that the defendants were not entitled to summary judgment dismissing the complaint on the ground that it is barred by the doctrine of collateral estoppel, and that the Supreme Court had improvidently exercised its discretion in striking the complaint pursuant to CPLR 3126 (*see 47 Thames Realty, LLC v Rusconie*, 85 AD3d 853, 854 [2011]). Accordingly, this Court modified the order dated July 6, 2009, by deleting the provisions thereof granting

those branches of the defendants' separate cross motions which were for summary judgment dismissing the complaint as barred by collateral estoppel or, alternatively, to strike the complaint pursuant to CPLR 3126, and substituting therefor provisions denying those branches of the defendants' separate cross motions (*id.* at 853). As so modified, the order dated July 6, 2009, was affirmed insofar as appealed from.

Contrary to the defendants' contention, the order dated July 6, 2009, granted those branches of their separate cross motions which were for summary judgment dismissing the complaint only on the ground that the complaint was barred by collateral estoppel, and this Court rejected that ground for relief on appeal. Accordingly, there is no merit to the defendants' contention that the order dated July 6, 2009, as modified by this Court, disposed of the action in their favor.

The defendants' further contention that they were prejudiced by the Supreme Court's direction that the case be restored to the active pre-note of issue calendar, effective nunc pro tunc to June 14, 2011, is without merit. Since judgment dismissing the complaint had not been entered, the effect of this Court's modification of the order dated July 6, 2009, was to place the case in the posture it had been in before the Supreme Court granted those branches of the defendants' separate cross motions which were for summary judgment dismissing the complaint as barred by collateral estoppel or, alternatively, to strike the complaint pursuant to CPLR 3126 (*cf. State of New York v U.W. Marx, Inc.*, 209 AD2d 784, 786 [1994]). Thus, it was unnecessary for the Supreme Court to have directed that the case be restored to the active pre-note of issue calendar nunc pro tunc to June 14, 2011, the date of entry of this Court's decision and order. Entry of a copy of this Court's decision and order on the prior appeal in the Supreme Court would have been sufficient (*see* CPLR 5524 [b]; *Matter of Minister, Elders & Deacons of Refm. Protestant Dutch Church of City of N.Y. v Municipal Ct. of City of N.Y., Borough of Manhattan*, 185 Misc 1003, 1006 [1945], *affd* 270 App Div 993 [1946], *affd* 296 NY 822 [1947]). Although it was unnecessary for the Supreme Court to have directed that the case be restored, no prejudice attached. Eng, P.J., Dillon, Maltese and Duffy, JJ., concur.