■ FARRELL FORWARDING COMPANY, INC., Appellant, v ALISON TRANSPORT, INC., Appellant. [989 NYS2d 895]—

In an action to recover damages, inter alia, for breach of contract, the plaintiff appeals from a judgment of the Supreme Court, Nassau County (Diamond, J.), entered June 27, 2012, which, upon an order of the same court entered February 29, 2012, granting the defendant's motion for leave to enter a default judgment and to dismiss the complaint for failure to appear pursuant to 22 NYCRR 202.27, is in favor of the defendant and against it dismissing the complaint with prejudice.

Ordered that the judgment is modified, on the law, by deleting the provision thereof dismissing the complaint with prejudice, and substituting therefor a provision dismissing the complaint without prejudice; as so modified, the judgment is affirmed, without costs or disbursements.

After the plaintiff failed to appear at a court-ordered conference, the defendant moved for leave to enter a default judgment and to dismiss the complaint pursuant to 22 NYCRR 202.27 (b). In opposition to the motion, the plaintiff failed to establish either a reasonable excuse for the default or a potentially meritorious cause of action. Accordingly, the motion for leave to enter a default judgment and to dismiss the complaint was properly granted (see *Aydiner v Grosfillex, Inc.*, 111 AD3d 589 [2013]).

However, the judgment should have dismissed the complaint without prejudice, since dismissal of an action for a default pursuant to 22 NYCRR 202.27 does not constitute a determination on the merits (see *Franchise Acquisitions Group Corp. v Jefferson Val. Mall Ltd. Partnership*, 73 AD3d 1123 [2010]; *Kalisch v Maple Trade Fin. Corp.*, 35 AD3d 291 [2006]). Dickerson, J.P., Leventhal, Cohen and Hinds-Radix, JJ., concur.