■ MOBILE AIR TRANSPORT, INC., et al., Appellants, v SUMMIT HANDLING SYSTEMS, INC., Respondent. [18 NYS3d 553]—In an action for contribution and indemnification, the plaintiffs appeal from an order of the Supreme Court, Queens County (Raffaele, J.), dated December 23, 2014, which granted the defendant's motion pursuant to CPLR 3211 (a) to dismiss the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion pursuant to CPLR 3211 (a) to dismiss the complaint is denied.

Contrary to the defendant's contentions and the determination of the Supreme Court, the plaintiffs' commencement of this action was not barred by the doctrine of res judicata. In a related action, a motion by the plaintiffs to assert the current causes of action as third-party causes of action against the defendant was denied. However, that denial was not on the merits or with prejudice, but was instead premised solely on the plaintiffs' failure to assert those causes of action within the time constraints set forth in a compliance conference scheduling order issued by the court in that action (see generally Caliguri v JPMorgan Chase Bank, N.A., 121 AD3d 1030, 1031 [2014]; American Home Assur. Co. v Highrise Constr. Co., 111 AD3d 446, 447 [2013]; 47 Thames Realty, LLC v Rusconie, 85 AD3d 853, 853-854 [2011]; Espinoza v Concordia Intl. Forwarding Corp., 32 AD3d 326, 327-328 [2006]; Bullock v Wehner, 263 AD2d 739, 740 [1999]). Since the prior determination was not on the merits, the plaintiffs were free to assert the causes of action against the defendant in this action. Mastro, J.P., Balkin, Dickerson and Roman, JJ., concur.