■ CHIN TSUN YANG et al., Respondents, v SNEH PRABHA SHUKLA, Appellant. [29 NYS3d 66]—

In an action, inter alia, to dissolve a partnership, the defendant appeals from an order of the Supreme Court, Nassau County (Adams, J.), entered January 23, 2015, which denied her motion, in effect, for summary judgment dismissing the complaint, or, in the alternative, to stay the appointment of a temporary receiver.

Ordered that the order is affirmed, with costs.

The four individual plaintiffs (hereinafter the plaintiffs) collectively own a 50% interest in commercial premises in Valley Stream, which are subdivided into units and rented for retail use. The defendant has owned the remaining 50% interest in the premises since the death of her late husband. The defendant is also the managing partner of a partnership with the plaintiffs formed in 1987 to manage the premises and collect rents. Under the terms of the partnership agreement, the partnership was to continue until November 29, 2010, unless sooner dissolved. In a prior action between the parties seeking, inter alia, an accounting, the Supreme Court found in favor of the plaintiffs after trial. However, the prior action was deemed abandoned pursuant to 22 NYCRR 202.48 when the plaintiffs failed to submit a timely order or judgment after trial (*see Zaman v Shukla*, 248 AD2d 379 [1998]). In 2014, the plaintiffs commenced this action on behalf of themselves and the partnership alleging that the defendant had breached the partnership agreement and her fiduciary duties as managing partner, and seeking, inter alia, dissolution of the partnership, the winding up of partnership affairs, an accounting, the appointment of a temporary receiver, and damages. Shortly after joinder of issue, the defendant moved, in effect, for summary judgment dismissing the complaint based upon the CPLR 3211 (a) defenses she had asserted in her answer. The defendant also

sought, in the alternative, to stay the appointment of a temporary receiver. In the order appealed from, the Supreme Court denied the defendant's motion in its entirety.

Initially, we note that under the circumstances of this case, the Supreme Court properly entertained the defendant's motion on its merits. Once issue has been joined, a motion for summary judgment may be based on CPLR 3211 (a) grounds which have been asserted in the answer (see Fischer v RWSP Realty, LLC, 53 AD3d 594, 595 [2008]; Mann v Malasky, 41 AD3d 1136 [2007]). Although the defendant's motion was mislabeled as a motion pursuant to CPLR 3211, that error may be disregarded where, as here, it did not prejudice the opposing parties (see Schultz v Estate of Sloan, 20 AD3d 520 [2005]; Hertz Corp. v Luken, 126 AD2d 446, 449 [1987]).

Contrary to the defendant's contention, the Supreme Court properly denied that branch of her motion which was, in effect, for summary judgment dismissing the complaint on the ground of res judicata. Under the doctrine of res judicata, a party may not litigate a claim where a judgment on the merits exists from a prior action between the same parties involving the same subject matter (see Matter of Hunter, 4 NY3d 260, 269 [2005]; Laccone v Roslyn Chalet, 128 AD3d 1020, 1022 [2015]). Where a dismissal does not involve a determination on the merits, the doctrine of res judicata does not apply (see Pereira v St. Joseph's Cemetery, 78 AD3d 1141, 1142 [2010]; Djoganopoulos v Polkes, 67 AD3d 726, 727 [2009]). In support of her motion, the defendant relied upon a decision and order of this Court indicating that the prior action between the parties had been deemed abandoned due to the plaintiffs' failure to timely submit an order or judgment after they prevailed at trial. Even assuming that the prior action actually was dismissed, a dismissal under these circumstances would not constitute a determination on the merits that would provide a basis to invoke the doctrine of res judicata (see Maitland v Trojan Elec. & Mach. Co., 65 NY2d 614, 615 [1985]; Mobile Air Transp., Inc. v Summit Handling Sys., Inc., 133 AD3d 576 [2015]; Wade v New York City Health & Hosps. Corp., 59 AD3d 528, 530 [2009]). Accordingly, the defendant failed to satisfy her prima facie burden of establishing her entitlement to judgment as a matter of law dismissing the complaint on the ground of res judicata (see Sweet Constructors, LLC v Wallkill Med. Dev., LLC, 106 AD3d 810, 811 [2013]).

The defendant also failed to make a prima facie showing that the second cause of action, which seeks money damages for breach of fiduciary duty, is time-barred on the ground that this action was commenced more than three years after the

date fixed for termination of the partnership. Pursuant to Partnership Law § 45, a partnership may be continued after the expiration of its fixed term as a partnership at will, and "[a] continuation of the business by the partners or such of them as habitually acted therein during the term, without any settlement or liquidation of the partnership affairs, is prima facie evidence of a continuation of the partnership." Here, although the partnership agreement fixed November 29, 2010, as the date for termination of the partnership, the defendant offered no evidence that the partnership did not continue to operate past that date as a partnership at will. Thus, the defendant failed to establish, prima facie, that her fiduciary obligation to the plaintiffs ceased on November 29, 2010, and that the second cause of action is time-barred by the three-year statute of limitations that applies to breach of fiduciary duty claims when the remedy sought is money damages (*see Weight v Day*, 134 AD3d 806, 807-808 [2015]). Accordingly, the Supreme Court properly denied that branch of the defendant's motion which was, in effect, for summary judgment dismissing the second cause of action as time-barred.

The Supreme Court providently exercised its discretion in denying that branch of the defendant's motion which was to stay the appointment of a temporary receiver (*see* CPLR 6401 [a]; *Singh v Brunswick Hosp. Ctr.*, 2 AD3d 433, 434 [2003]; *Chaline Estates v Furcraft Assoc.*, 278 AD2d 141, 142 [2000]).

The defendant's remaining contentions are without merit. Eng, P.J., Mastro, Leventhal and Miller, JJ., concur.