Geffner v Mercy Med. Ctr. (2018 NY Slip Op 08280)





Geffner v Mercy Med. Ctr.


2018 NY Slip Op 08280


Decided on December 5, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 5, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SANDRA L. SGROI
COLLEEN D. DUFFY
HECTOR D. LASALLE, JJ.


2016-03980
 (Index No. 4829/07)

[*1]Rebecca Geffner, etc., appellant, 
v
Mercy Medical Center, et al., respondents, et al., defendants.


Rebecca Geffner, Little Neck, NY, appellant pro se.
Mulholland, Minion, Duffy, Davey, McNiff & Beyrer, Williston Park, NY (Brian R. Davey of counsel), for respondents Mercy Medical Center, Roy A. Rubenstein, and Eric A. Shoenfeld.
Kaufman Borgeest & Ryan LLP, Valhalla, NY (Jacqueline Mandel and Ari Lessa of counsel), for respondent Harte Placements, Inc., doing business as Nassau-Johrens Registry Agency.
Koster, Brady & Nagler, LLP, New York, NY (Stewart Bernstein, Alexander J. Papa, and Kara Suddock of counsel), for respondents Thierry Duchatellier, Cardiology Consultants of Long Island, and Associated Cardiology Consultants, P.C.
In a consolidated action, inter alia, to recover damages for medical malpractice and wrongful death, the plaintiff appeals from a judgment of the Supreme Court, Queens County (Duane A. Hart), entered February 22, 2016. The judgment, upon an order of the same court dated November 16, 2015, directing the dismissal of the complaint pursuant to 22 NYCRR 202.27 with prejudice, dismissed the complaint with prejudice.



DECISION & ORDER
Motion by the defendants Mercy Medical Center, Roy A. Rubenstein, and Eric A. Shoenfeld, separate motion by the defendants Thierry Duchatellier, Cardiology Consultants of Long Island, and Associated Cardiology Consultants, P.C., and separate motion by the defendant Harte Placements, Inc., doing business as Nassau-Johrens Registry Agency, inter alia, to dismiss an appeal from a judgment of the Supreme Court, Queens County, entered February 22, 2016, on the ground that no appeal lies from a judgment entered upon the default of the appealing party. By decision and order on motion of this Court dated May 30, 2017, those branches of the motions which are to dismiss the appeal were held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeal, it is
ORDERED that those branches of the motions which are to dismiss the appeal are granted to the extent that the appeal is dismissed except insofar as it brings up for review the order dated November 16, 2015, directing the dismissal of the complaint pursuant to 22 NYCRR 202.27, [*2]and those branches of the motions are otherwise denied; and it is further,
ORDERED that the judgment is modified, on the law, by deleting the provision thereof dismissing the complaint with prejudice, and substituting therefor a provision dismissing the complaint without prejudice; as so modified, the judgment is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the respondents appearing separately and filing separate briefs.
The plaintiff, the daughter of Alfred Geffner (hereinafter the decedent) and the administrator of the decedent's estate, commenced an action, inter alia, to recover damages for medical malpractice and wrongful death, which was consolidated with a related action. On June 26, 2012, the plaintiff filed a note of issue and certificate of readiness for trial. On May 13, 2013, when the trial was scheduled to commence, the plaintiff's attorney requested an adjournment, stating, inter alia, that the plaintiff's experts "need[ed] more time to arrange their respective schedules." The Supreme Court denied the request for an adjournment and directed the dismissal of the complaint based upon the plaintiff's lack of readiness for trial. Thereafter, the court vacated that direction and restored the action to the trial calendar. Following other adjournments, the trial was scheduled to commence on August 4, 2015.
On August 4, 2015, the plaintiff's trial counsel advised the Supreme Court that the plaintiff's expert "has lost employees in his office and he is not available." The plaintiff's counsel stated that the plaintiff had a "substitute expert," but the court declined to permit testimony from that expert, whose opinions had not been disclosed pursuant to CPLR 3101(d). Thereupon, the court determined that the complaint should be dismissed based upon the plaintiff's lack of readiness for trial. In an order dated November 16, 2015, the court directed the dismissal of the complaint pursuant to 22 NYCRR 202.27. In a judgment entered February 22, 2016, the court dismissed the complaint with prejudice. The plaintiff appeals from the judgment.
Although no appeal lies from a judgment entered upon the default of the appealing party (see CPLR 5511), an appeal from such a judgment brings up for review " those matters which were the subject of contest before the Supreme Court'" (Bottini v Bottini, 164 AD3d 556, 558, quoting Sarlo-Pinzur v Pinzur, 59 AD3d 607, 607-608). Here, the issues of whether dismissal was appropriate due to the plaintiff's lack of readiness to proceed and whether the Supreme Court should have permitted the plaintiff to proffer the testimony of a "substitute expert" were the subject of contest below and, thus, may be reviewed on appeal (see Yi Jing Tan v Liang, 160 AD3d 786, 787).
Under the circumstances presented, the Supreme Court did not improvidently exercise its discretion in directing the dismissal of the complaint pursuant to 22 NYCRR 202.27. "Pursuant to 22 NYCRR 202.27(b), a court has the discretion to direct dismissal of a complaint where the plaintiff fails to appear or is not ready to proceed" (Yi Jing Tan v Liang, 160 AD3d at 787 [emphasis added]; see Vera v Soohoo, 99 AD3d 990, 992). Here, the plaintiff was not ready to proceed to trial due to the unavailability of her expert.
Furthermore, contrary to the plaintiff's contention, the Supreme Court did not improvidently exercise its discretion in precluding her from proffering the testimony of a "substitute expert" at trial. Pursuant to CPLR 3101(d)(1)(i), "where a party for good cause shown retains an expert an insufficient period of time before the commencement of trial to give appropriate notice thereof, the party shall not thereupon be precluded from introducing the expert's testimony at the trial solely on grounds of noncompliance with this paragraph" (emphasis added). "A determination regarding whether to preclude a party from introducing the testimony of an expert witness at trial based on the party's failure to comply with CPLR 3101(d)(1)(i) is left to the sound discretion of the court" (McGlauflin v Wadhwa, 265 AD2d 534, 534). Here, since the plaintiff offered only a vague excuse for the unavailability of the intended expert, without offering any details as to when the plaintiff learned of that expert's unavailability, she failed to establish good cause to offer the testimony of the "substitute expert" (see Banister v Marquis, 87 AD3d 1046; Caccioppoli v City of [*3]New York, 50 AD3d 1079; Klatsky v Lewis, 268 AD2d 410, 411). Moreover, the plaintiff had previously been unprepared to proceed with trial due to, inter alia, the unavailability of experts (see Fava v City of New York, 5 AD3d 724, 725).
The plaintiff's remaining contentions are without merit.
Accordingly, we agree with the Supreme Court's determination directing the dismissal of the action pursuant to 22 NYCRR 202.27. However, "since dismissal of an action for a default pursuant to 22 NYCRR 202.27 does not constitute a determination on the merits," the dismissal should have been without prejudice (GMAC Mtge., LLC v Guccione, 127 AD3d 1136, 1138; see Farrell Forwarding Co., Inc. v Alison Transp., Inc., 119 AD3d 891, 892).
MASTRO, J.P., SGROI, DUFFY and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court