Knobel v Demba Wei, LLP (2020 NY Slip Op 03193)





Knobel v Demba Wei, LLP


2020 NY Slip Op 03193


Decided on June 4, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 4, 2020

Renwick, J.P., Gische, Webber, Oing, Moulton, JJ.


655000/18 11614 656660/17 11613

[*1] Steven M. Knobel, Plaintiff-Appellant,
v
Demba Wei, LLP, et al., Defendants-Respondents.
In re Eric Wei, Petitioner-Respondent,
v
Steven M. Knobel, Respondent-Appellant.


Shaw & Binder, P.C., New York (Stuart F. Shaw of counsel), for appellant.
Wei Law Group LLP, New York (Eric S. Wei of counsel), for respondents.



Order and judgment (one paper), Supreme Court, New York County (W. Franc Perry, J.), entered on or about April 2, 2019, upon petitioner's motion to confirm an arbitration award in its favor, confirming the award and directing the Clerk to enter judgment accordingly, unanimously reversed, on the law, the order and judgment vacated and the matter remanded to Supreme Court. Appeal from order, Supreme Court, New York County (Arthur F. Engoron, J.), entered on or about September 14, 2018, which denied plaintiff's motion for a trial de novo to challenge the arbitration award and granted defendants' motion to dismiss the complaint, unanimously reversed, on the law, without costs, the complaint is reinstated and the matter remanded to the Supreme Court.
As the dismissal of a prior action commenced by Dembra Wei, LLP for failure to attend a calendar call (22 NYCRR 202.27[b]) was not on the merits, it does not have res judicata effect (Hernandez v St. Barnabas Hosp., 89 AD3d 457 [1st Dept 2011]; Espinoza v Concordia, 32 AD3d 326 (1st Dept 2006]). Therefore, the parties were not precluded from commencing subsequent independent actions. Knobel subsequently timely commenced his action seeking a trial de novo of the arbitration award rendered in the prior fee dispute (see CPLR 304[a]; Lomtevas v Pradhan, 65 Misc 3d 1215(A), 2019 NY Slip Op 51658(U), *2 [Sup Ct, Kings County 2019]). He did not otherwise waive that. The parties so-ordered stipulation, in which they consented to binding arbitration pursuant to Section 137 of the New York County Fee Dispute Program, does not constitute a waiver of Knobel's right to seek de novo review. Subdivisions (B)(1) and (2) of section 6 of the Standards and Guidelines of the Board of Governors (Unified Court System, Attorney—Client Fee Dispute Resolution Program) provide any purported waiver is not valid on the part of a client unless it is "knowing and informed" and that a retainer agreement (or other writing) must contain express waiver language specifying that "the client understands that he or she is waiving the right to reject an arbitration award and to commence a trial de novo in court" (http://www.courts.state.ny.us/admin/feedispute/pdfs/Standards.pdf; see also Maddox v Stein, 42 Misc 3d 134[A], 2014 NY Slip Op. 50057[U], [App Term 2d Dept, 2014]). In light of the fact that the so-ordered stipulation did not contain such language, or even a close approximation of such language, Knobel's consent to a binding arbitration pursuant to Section 137 of the New York County Fee Dispute Program cannot be considered to have been [*2]"knowing and informed." Consequently, Knobel's retained his right to commence an action to obtain judicial review of this fee dispute.
In view of our reinstatement of Knobel's dismissed proceeding, the motion court's entry of a judgment confirming the arbitration award must be vacated and the matter remanded to the
Supreme Court, where Knobel shall have the right to interpose an answer.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 4, 2020
CLERK