Tobon v Pita Off the Corner, Inc. (2021 NY Slip Op 05802)





Tobon v Pita Off the Corner, Inc.


2021 NY Slip Op 05802


Decided on October 21, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 21, 2021

Before: Renwick, J.P., Kapnick, Scarpulla, Rodriguez, Higgitt, JJ. 


Index No. 651039/20 Appeal No. 14443 Case No. 2021-00406 

[*1]Andres Tobon, Plaintiff-Respondent,
v
Pita Off the Corner, Inc., et al., Defendants-Appellants, ABC Corporations 1-3 etc., Defendants.


Adam Waknine, Brooklyn, for appellants.
Jardim, Meisner & Susser, P.C., New York (Scott D. Salmon of counsel), for respondent.



Order, Supreme Court, New York County (Nancy M. Bannon, J.), entered January 5, 2021, which, to the extent appealed from as limited by the briefs, denied defendants' motion to dismiss the complaint, unanimously affirmed, without costs.
Plaintiff commenced this action alleging that defendants reneged on a promise to sell him a Manhattan restaurant. In 2016, plaintiff timely commenced a prior action alleging breach of contract, unjust enrichment and fraud. In 2019, Supreme Court "administratively" dismissed the action when the parties failed to appear for a status conference. When Supreme Court denied plaintiff's motion to vacate the dismissal, plaintiff commenced this action alleging the same claims asserted in the prior action.
Defendants do not contest that plaintiff timely commenced this action pursuant to the savings provision of CPLR 205(a). Contrary to defendants' contention, the denial of plaintiff's motion to reinstate his 2016 action involving the same claims, which was administratively dismissed in 2019, did not have preclusive effect. The court's determination that plaintiff did not proffer a meritorious claim to justify vacating the default, without more, did not constitute a determination on the merits to bar the instant action by the doctrine of res judicata (see Brooks v Haidt, 59 AD3d 233, 234 [1st Dept 2009]). Similarly, since there was no actual disposition of the 2016 action on the merits, neither collateral estoppel nor law of the case are applicable here (see Kaufman v Eli Lilly & Co., 65 NY2d 449, 455-456 [1985]; Thompson v Cooper, 24 AD3d 203, 205 [1st Dept 2005]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 21, 2021