■ John Russo, Appellant, v Anna Iacono, Respondent.—In a defamation action, the plaintiff appeals from an order of the Supreme Court, Suffolk County, dated March 15, 1979, which denied his motion to dismiss defendant's amended counterclaim. Order modified, on the law, by dismissing the third pleaded cause of action in the amended counterclaim. As so modified, order affirmed with $50 costs and disbursements to defendant. Plaintiff contends that the counterclaim—dismissed twice previously for failure to state a cause of action—still does not make out causes of action. Plaintiff also contends that even assuming, arguendo, that an intentional tort is made out, it is barred by the Statute of Limitations, to wit, it is not protected by CPLR 203 (subd [e]) because dismissal was predicated on the failure of the original pleading to "give notice of the transactions * * * to be proved pursuant to the amended pleading". We disagree and find that the first two causes of action in the amended counterclaim should stand. Defendant's allegations that the plaintiff pointed a gun at her, shouted "I got to kill you", and that she became severely frightened, spell out an action for assault. An action for the intentional infliction of emotional distress is pleaded by her allegations that plaintiff on three separate occasions shouted vile, objectionable and obscene language at her. However, we do not agree with Special Term's conclusion that a cause of action for the negligent infliction of emotional distress was made out. No allegations of negligence appear in the pleadings. Furthermore the third cause of action alleged in the amended counterclaim must be dismissed because there is no independent cause of action for punitive damages. The statute that protects the defendant's causes of action from dismissal because of the Statute of Limitations is CPLR 205 (subd a). Inasmuch as the causes of action in the amended counterclaim were not barred since they were not barred at the time the claim asserted in the complaint were interposed (CPLR 203, subd [c]), their dismissal upon grounds other than a voluntary discontinuance, the neglect to prosecute or a final judgment on the merits, permits a new action upon the same causes of action within six months after the termination (CPLR 205). Hopkins, J. P., Lazer, Margett and O'Connor, JJ., concur.