■ JOHN BULLOCK, Respondent, v TERRY WEHNER et al., Appellants. [693 NYS2d 307] —Yesawich Jr., J. Appeal from that part of an order of the Supreme Court (Kramer, J.), entered December 9, 1998 in Schenectady County, which, *inter alia*, denied defendant's motion to dismiss the complaint on the ground of res judicata.

This negligence action, commenced in January 1996, stems from a motor vehicle accident which occurred a year earlier. As a consequence of plaintiff's failure to appear for scheduled depositions on various dates, Supreme Court (Caruso, J.) ordered that discovery be completed by November 28, 1997. When plaintiff missed all three subsequently scheduled deposition dates and the court-imposed deadline passed without discovery having been completed, defendants moved pursuant to CPLR 3126 for dismissal of the complaint; dismissal with prejudice was expressly requested. Granting the motion, Supreme Court (Caruso, J.) found plaintiff's conduct in failing to appear for the depositions sufficiently contumacious to warrant striking the complaint "as a sanction", and in the ordering paragraph decreed that "the complaint is dismissed", without costs. No

appeal was taken from this order (hereinafter the order of dismissal), nor was resettlement sought.

Shortly thereafter, plaintiff secured new counsel and commenced the instant action against defendants based upon the very same accident. After joinder of issue, defendants moved to dismiss this complaint on res judicata grounds and, alternatively, to prohibit plaintiff from testifying, and for dismissal of the action "with prejudice". Supreme Court denied this motion, concluding that because the order of dismissal did not contain the phrase "with prejudice", it did not preclude plaintiff's second complaint. Defendants now appeal.

We affirm. Because plaintiff's noncompliance with Supreme Court's (Caruso, J.) order of disclosure resulted in neither a dismissal of the action with prejudice nor a preclusion order that would effectively foreclose plaintiff's proof, the ordered dismissal was not a determination on the merits, and hence there is no bar to commencement of the second action (*see, Maitland v Trojan Elec. & Mach. Co.*, 65 NY2d 614, 615-616).

Mercure, J. P., Crew III and Graffeo, JJ., concur. Ordered that the order is affirmed, with costs.