■ DANIELLE STRAY, Respondent, v GEORGE LUTZ et al., Appellants. [762 NYS2d 728] —Appeal from an order of Supreme Court, Onondaga County (Carni, J.), entered August 5, 2002, which denied defendants' motion to dismiss the complaint.

It is hereby ordered that the order so appealed from be and the same hereby is affirmed without costs.

Memorandum: The narrow issue before us on this appeal is whether a prior order of dismissal for a discovery default is to be given res judicata effect when it was not preceded by a preclusion order and does not specify that the dismissal is on the merits, or whether that order permits the commencement of another action instituted within the applicable period of limitations (*see Gundershein v Bradley-Mahony Coal Corp.*, 295 NY 539, 540-541 [1946]; Siegel, NY Prac §§ 444-446, at 718-721 [3d ed]). We conclude that such an order should not be given res judicata effect. Thus, Supreme Court properly denied defendants' motion to dismiss the complaint on that ground.

Here, plaintiff's mother had commenced the prior action on behalf of plaintiff, who was then only nine years old, and defendants moved for an order of preclusion when the attorney hired by plaintiff's mother failed to respond to a letter from defendants' attorney setting forth a proposed discovery schedule. Although the court's order of dismissal recites that defendants' motion is "granted," the court did not issue an order of preclusion and, instead, recited in the order that the complaint "is hereby dismissed and the Complaint stricken." Upon our review of the record, we conclude that the attorney's failure to respond to the letter did not amount to contumacious conduct warranting a dismissal of the complaint on the merits. Rather, the attorney's failure to respond was more in keeping with an intent to abandon the action, which would not preclude a refiling of the action within the statute of limitations (*see Maitland v Trojan Elec. & Mach. Co.*, 65 NY2d 614 [1985]; *Greenberg v De Hart*, 4 NY2d 511 [1958]). Consequently, in the absence of an order of preclusion preceding the order of dismissal, it cannot be said that the conduct of plaintiff's mother and former attorney and the court's issuance of an order of dis-

missal unaccompanied by the words "on the merits" demonstrate the exceptional circumstances warranting dismissal on the merits (see *Palmer v Fox*, 28 AD2d 968 [1967], *affd* 22 NY2d 667 [1968]). Absent a dismissal on the merits, plaintiff should not be barred from bringing the present action. In our view, the dissent's reliance on *Strange v Montefiore Hosp. & Med. Ctr.* (59 NY2d 737 [1983]) is misplaced because in that case the defendant's motion for summary judgment was granted based on a prior preclusion order against the plaintiff. Here, as previously noted, no preclusion order was issued (see *Holley v Mandate Realty Corp.*, 121 AD2d 202, 204 [1986], *affd* 69 NY2d 721 [1987]).

All concur except Pigott, Jr., P.J., who dissents and votes to reverse in accordance with the following memorandum.

Pigott, Jr., P.J. (dissenting). I respectfully dissent. Essentially, I disagree with the majority's characterization of the issue in this case. Plaintiff was struck by a vehicle owned by defendant George Lutz and operated by defendant Carmelina Lutz while she was crossing a street. Her mother commenced an action against defendants on her behalf in September 1993, at which time plaintiff was nine years old. Defendants answered the complaint, and they served a demand for a bill of particulars and made various other discovery demands of plaintiff's mother. Upon the failure of plaintiff's mother to respond to those demands despite numerous requests, defendants moved for an order of preclusion and dismissal of the complaint. The motion specifically sought to preclude plaintiff's mother from proving any facts that were the subject of defendants' discovery demands based on her failure to comply with those demands. On March 7, 1994, Supreme Court wrote a letter to plaintiff's mother adjourning the motion date to March 29th and stating that her failure to appear would result in sanctions, including striking the complaint. Plaintiff's mother failed to appear on March 29th. On March 31, 1994, the court granted defendants' motion and ordered the complaint dismissed. Plaintiff commenced the present action eight years later, after reaching the age of 18.

I disagree with the majority's conclusion that a preclusion order was never issued. Defendants moved "for Judgment pursuant to Article 30 of the CPLR precluding the Plaintiff" from entering proof with respect to all items in defendants' discovery demands and bill of particulars and further "dismissing the claim of the Plaintiff for failure to comply with the Discovery Demands and the Demand for Bill of Particulars." The order granting the motion provides:

"Ordered that the Motion of the Defendants is granted and that the Complaint of the Plaintiff * * * is hereby dismissed and the Complaint stricken." The record clearly demonstrates that defendants moved for, and the court granted, an order of preclusion. Indeed, it is the only motion in this record. That order was served on plaintiff's mother four days later.

The present action is identical to the first action in every respect, and res judicata therefore applies. The purpose of the doctrine of res judicata is met here—to ensure finality. "The key is whether the adjudication is 'sufficiently firm' * * *, and a firm one should qualify as a 'final judgment', whatever its name" (Siegel, NY Prac § 444, at 718 [3d ed]). The order at issue herein is sufficiently firm to qualify as final because neither plaintiff, by her mother, nor defendants took any action for eight years.

Finally, the dismissal of a pleading on the merits is warranted when a party frustrates the disclosure scheme set forth in the CPLR (see Kihl v Pfeffer, 94 NY2d 118, 122 [1999]; Kimmel v State of New York, 286 AD2d 881, 883 [2001]), and it is irrelevant whether the order specified that the pleading was dismissed "on the merits." Although the prior order does not specifically recite that it is "on the merits," that order should be given res judicata effect to prevent plaintiff from circumventing the preclusion that resulted from her mother's failure to comply with defendants' discovery demands. CPLR 5013 does not require that a prior judgment contain the precise words "on the merits" in order to be given res judicata effect; it suffices that it appears from the judgment that the dismissal is on the merits (see Strange v Montefiore Hosp. & Med. Ctr., 59 NY2d 737, 738-739 [1983]). Plaintiff's mother clearly frustrated the disclosure scheme set forth in the CPLR when she neither responded to any of defendants' discovery demands nor appeared when requested. Additionally, she blatantly disregarded the court's warning regarding her failure to respond to defendants' discovery demands. Thus, for the foregoing reasons, I would reverse, grant defendants' motion, and dismiss the complaint. Present—Pigott, Jr., P.J., Pine, Hurlbutt, Lawton and Hayes, JJ.