■ Victor Aguilar et al., Respondents, v Barbara Jacoby et al., Appellants. [827 NYS2d 77]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Nassau County (Jaeger, J.), dated January 13, 2006, which denied their motion pursuant to CPLR 3211 (a) (5) to dismiss the complaint on the grounds of res judicata and collateral estoppel.

Ordered that the order is affirmed, with costs.

The plaintiffs commenced an action against the defendants arising from a motor vehicle accident that occurred on October 21, 2001 between their motor vehicle and a motor vehicle owned by the defendant Barbara Jacoby and operated by the defendant Thomas Jacoby. On June 5, 2002 the plaintiffs commenced an action (hereinafter the prior action) against the defendants to recover damages for personal injuries. The defendants moved pursuant to CPLR 3126 (3) to dismiss the prior action for failure to comply with discovery requests and certain court orders. The Supreme Court granted the defendants' motion to dismiss the prior action upon the plaintiffs' default in opposing the motion. The plaintiffs moved in the prior action to vacate the default. Although the Supreme Court determined that the plaintiffs demonstrated a reasonable excuse for their default, it denied the motion to vacate on the ground that the plaintiffs failed to demonstrate the existence of a meritorious cause of action or defense (*see Rugieri v Bannister*, 7 NY3d 742 [2006]; *Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co.*, 67 NY2d 138, 141 [1986]; *Rodriguez v Ng*, 23 AD3d 450, 451 [2005]). The plaintiffs timely commenced the instant action against the defendants seeking the same relief that they sought in the prior action (*see* CPLR 205 [a]). The defendants moved pursuant to CPLR 3211 (a) (5) to dismiss the complaint on the grounds of res judicata and collateral estoppel. The Supreme Court denied the motion upon concluding that the prior action was not dismissed on the merits. We agree.

The dismissal of the prior action on the ground of noncompliance with discovery requests and certain court orders was not a determination on the merits so as to bar commencement of the instant action as the prior dismissal was not preceded by an order of preclusion and there was no indication that the dismissal was with prejudice (*see* CPLR 205 [a]; *Maitland v Trojan Elec. & Mach. Co.*, 65 NY2d 614 [1985]; *Stray v Lutz*, 306 AD2d 836 [2003]; *cf. Kalinka v Saint Francis Hosp.*, 34 AD3d 742 [2006] [decided

herewith]). Moreover, an order entered upon a party's default in appearing, here, to oppose the motion to dismiss in the prior action, is not upon the merits (*see Greenberg v De Hart,* 4 NY2d 511, 516-517 [1958]; *Medical Health Servs. v Fountain Ctr. Corp.,* 52 AD2d 621 [1976]).

In addition, the Supreme Court's determination that the plaintiffs failed to demonstrate a meritorious cause of action for purposes of vacating their default did not constitute a determination on the merits (*see Rugieri v Bannister,* 22 AD3d 299 [2005], *mod on other grounds* 7 NY3d 742 [2006]; *Levy v New York City Hous. Auth.,* 287 AD2d 281 [2001]; *Mintzer v Loeb, Rhoades & Co.,* 10 AD2d 27, 31 [1960]).

Accordingly, the Supreme Court properly denied the defendants' motion pursuant to CPLR 3211 (a) (5) to dismiss the instant action on the grounds of res judicata and collateral estoppel (*see generally Ryan v New York Tel. Co.,* 62 NY2d 494 [1984]; *Gramatan Home Invs. Corp. v Lopez,* 46 NY2d 481 [1979]). Schmidt, J.P., Adams, Skelos and Covello, JJ., concur.