■ April Daluise et al., Appellants, v James Sottile, Respondent. [837 NYS2d 175]—

In an action, inter alia, to recover damages for battery, assault, and intentional infliction of emotional distress, the plaintiffs appeal from an order of the Supreme Court, Richmond County (Minardo, J.), dated October 14, 2005, which granted the defendant's motion pursuant to, inter alia, CPLR 3211 (a) (5) to dismiss the complaint.

Ordered that the order is modified, on the law, by deleting the provision thereof granting those branches of the defendant's motion which were to dismiss the first, second, and third causes of action, and the fourth cause of action to the extent it asserted a claim for loss of services, and substituting therefor a provision denying those branches of the motion; as so modified, the order is affirmed, without costs or disbursements.

The plaintiffs commenced an action against the defendant on August 23, 2002. After the plaintiffs failed to comply with a preliminary conference order, several discovery demands by the de-

fendant, and a stipulation between the parties regarding disclosure, the defendant moved pursuant to CPLR 3126 (3) to strike the complaint and pursuant to CPLR 3042 (d) to preclude the plaintiffs from offering evidence at trial for failure to furnish a bill of particulars. By order dated December 1, 2003, the Supreme Court granted that branch of the motion which was pursuant to CPLR 3126 (3) to strike the complaint. The order did not indicate whether the dismissal was on the merits.

The plaintiffs moved to vacate the order. By order dated February 24, 2004, the Supreme Court granted the motion and reinstated the complaint. The defendant appealed from that order. By decision and order dated February 28, 2005, this Court, finding that the motion to vacate was, in effect, a motion for leave to reargue, determined that the plaintiffs had failed to demonstrate that the Supreme Court overlooked or misapprehended any matters of fact or law, reversed the order dated February 24, 2004, and reinstated the order dated December 1, 2003, dismissing the complaint (see Daluise v Sottile, 15 AD3d 609 [2005]). Subsequently, this Court denied motions by the plaintiffs for leave to reargue the appeal and for leave to appeal to the Court of Appeals.

The plaintiffs commenced a second action against the defendants on August 9, 2005. They asserted causes of action virtually identical to the first three causes of action in the first complaint, as well as fourth through seventh causes of action for negligent infliction of emotional distress as to the infant plaintiffs and as to Donnamarie Daluise (hereinafter the mother) and for the mother's loss of services. The defendant moved, inter alia, pursuant to CPLR 3211 (a) (5) to dismiss the second action on res judicata and statute of limitations grounds and pursuant to CPLR 3211 (a) (7) to dismiss the fourth through seventh causes of action for failure to state a cause of action. In opposition, the plaintiffs contended, among other things, that CPLR 205 entitled the mother to commence the second action. By order dated October 14, 2005, the Supreme Court, inter alia, in effect, rejected the plaintiffs' contention that the mother was entitled to commence the second action pursuant to CPLR 205 and dismissed the second action, with prejudice, on the ground of res judicata.

The Supreme Court erred in determining that res judicata barred the second action. "Where a plaintiff's noncompliance with a disclosure order does not result in a dismissal with prejudice, or an order of preclusion or summary judgment in favor of defendant so as to effectively close plaintiff's proof, dismissal resulting from the noncompliance is not a merits determination

so as to bar commencement of a second action" (*Maitland v Trojan Elec. & Mach. Co.,* 65 NY2d 614, 615-616 [1985]; *see Aguilar v Jacoby,* 34 AD3d 706, 707 [2006]; *Stray v Lutz,* 306 AD2d 836, 836-837 [2003]; *Bullock v Wehner,* 263 AD2d 739, 740 [1999]; *see also* CPLR 5013). Contrary to the defendant's contention and the Supreme Court's determination, the order dated December 1, 2003, did not grant preclusion. By its terms, it granted only the relief sought pursuant to CPLR 3126 (3), namely, to strike the complaint. Therefore, there is no merit to the defendant's contention that the dismissal was on the merits because the order dated December 1, 2003, was tantamount to an order of preclusion which effectively closed the plaintiffs' proof (*see Maitland v Trojan Elec. & Mach. Co.,* 65 NY2d 614, 615-616 [1985]; *Aguilar v Jacoby,* 34 AD3d 706, 707 [2006]; *Stray v Lutz,* 306 AD2d 836, 836-837 [2003]; *Bullock v Wehner,* 263 AD2d 739, 739-740 [1999]).

Nor was this Court's order dated February 28, 2005 reversing the Supreme Court's grant of the plaintiffs' motion, in effect, for leave to reargue the order dated December 1, 2003 and reinstate the complaint tantamount to an order of preclusion. This Court determined only that the plaintiff failed to demonstrate that the Supreme Court overlooked or misapprehended matters of fact or law. It did not address the merits of the underlying motion. Accordingly, the order dated February 28, 2005 did not bar the commencement of a second action (*cf. DeGennaro v Paterson Mills,* 280 AD2d 512, 513 [2001]; *Anteri v NRS Constr. Corp.,* 148 AD2d 563, 564-565 [1989]). Since the dismissal of the first action was not on the merits, the defendant's contention that res judicata barred the newly-asserted negligent infliction of emotional distress claims in the fourth through seventh causes of action, which were based on the same events as in the first action, is without merit (*cf. Goldstein v Massachusetts Mut. Life Ins. Co.,* 32 AD3d 821 [2006]).

Contrary to the plaintiffs' contention, however, the fourth through seventh causes of action fail to state claims to recover damages for negligent infliction of emotional distress. A cause of action to recover damages for negligent infliction of emotional distress does not require a showing of physical injury but "must generally be premised upon a breach of a duty owed directly to the plaintiff which either unreasonably endangers a plaintiff's physical safety or causes the plaintiff to fear for his or her own safety" (*E.B. v Liberation Publs.,* 7 AD3d 566, 567 [2004]; *Hecht v Kaplan,* 221 AD2d 100, 105 [1996]). Such a claim must fail where, as here, "[n]o allegations of negligence appear in the pleadings" (*Russo v Iacono,* 73 AD2d 913, 913 [1980]). More-

over, the plaintiffs made no allegation that the defendant's conduct unreasonably endangered the mother's physical safety or caused her to fear for her own safety. Accordingly, the fifth through seventh causes of action to recover damages for negligent infliction of emotional distress as to the infant plaintiffs, and the fourth cause of action, to the extent it asserted a claim for negligent infliction of emotional distress as to the mother, were properly dismissed.

The Supreme Court also erred in, in effect, determining the mother was not entitled to commence the second action under CPLR 205. CPLR 205 (a) provides that "[i]f an action is timely commenced and is terminated in any other manner than by a voluntary discontinuance, a failure to obtain personal jurisdiction over the defendant, a dismissal of the complaint for neglect to prosecute the action, or a final judgment upon the merits, the plaintiff, or, if the plaintiff dies, and the cause of action survives, his or her executor or administrator, may commence a new action upon the same transaction or occurrence or series of transactions or occurrences within six months after the termination provided that the new action would have been timely commenced at the time of commencement of the prior action and that service upon defendant is effected within such six-month period."

While dismissal of an action for failure to comply with discovery orders has been held to be a dismissal for " 'neglect to prosecute the action' " within the meaning of CPLR 205 (a) (*see Andrea v Arnone, Hedin, Casker, Kennedy & Drake, Architects & Landscape Architects, P.C. [Habiterra Assoc.],* 5 NY3d 514, 518 [2005]), here, the plaintiffs' conduct did not rise to that level. Miller, J.P., Santucci, Florio and Lifson, JJ., concur.