THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ENRIQUE MERCADO, Appellant. [869 NYS2d 844] No opinion. Order filed. Concur—Friedman, J.P., McGuire, Acosta, DeGrasse and Freedman, JJ.

TICO, INC., et al., Appellants, v CHARLES R. BORROK et al., Respondents. [868 NYS2d 522]—

Although the court properly determined that plaintiffs lacked standing on the basis that they did not make a formal demand on all of the general partners and failed to demonstrate that such a demand would have been futile, dismissal of the complaint with prejudice was improper. A dismissal premised on lack of standing is not a dismissal on the merits for res judicata purposes (*see Alco Gravure, Inc. v Knapp Found.*, 64 NY2d 458, 465 [1985]; *Pullman Group v Prudential Ins. Co. of Am.*, 297 AD2d 578 [2002], *lv dismissed* 99 NY2d 610 [2003]). If given effect, however, the provision of the judgment that the dismissal was "with prejudice" would bar plaintiffs from thereafter filing an amended complaint even if they would have standing at that time. For this reason alone the provision should be deleted from the judgment. Thus, we need not address the question of whether, having concluded that plaintiffs lacked standing to bring this action and thus that dismissal was necessary, Supreme Court properly went on to determine the issue of whether dismissal should be with prejudice. Concur—Friedman, J.P., McGuire, Acosta, DeGrasse and Freedman, JJ.