In an action pursuant to RPAPL 1501 (4) to cancel and discharge of record certain mortgages, the plaintiff appeals from an order of the Supreme Court, Queens County (Brathwaite Nelson, J.), entered March 10, 2015, which (1) denied its motion for leave to enter a default judgment against the defendants upon their failure to appear or answer the complaint, (2) granted those branches of the cross motion of the defendant Bank of New York Mellon, formerly known as Bank of New York, as trustee for the Certificateholders CWALT, Inc., Alternative Loan Trust 2005-J11, Mortgage Pass-Through Certificates, Series 2005-Jll, which were to vacate its default in appearing or answering the complaint, to compel the plaintiff to accept a late answer, and to dismiss the complaint insofar as asserted against it pursuant to CPLR 3211 (a) (7), and (3), sua sponte, directed dismissal of the complaint insofar as asserted against the defendants Credit Suisse AG, successor by merger to Credit Suisse First Boston Financial Corporation, and Brookhaven Development, LLC.
 

 Ordered that the notice of appeal from so much of the order as, sua sponte, directed dismissal of the complaint insofar as asserted against the defendants Credit Suisse AG, successor by merger to Credit Suisse First Boston Financial Corporation, and Brookhaven Development, LLC, is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal is granted (see CPLR 5701 [c]); and it is further,
 

 Ordered that the order is modified, on the law, by deleting the provision thereof, sua sponte, directing dismissal of the complaint insofar as asserted against the defendants Credit Suisse AG, successor by merger to Credit Suisse First Boston Financial Corporation, and Brookhaven Development, LLC; as so modified, the order is affirmed; and it is further,
 

 Ordered that one bill of costs is awarded to the defendant Bank of New York Mellon, formerly known as Bank of New York, as trustee for the Certificateholders CWALT, Inc., Alternative Loan Trust 2005-J11, Mortgage Pass-Through Certificates, Series 2005-Jll.
 

 In February 2005, Gitit Graffi purchased property on Gateway Boulevard in Far Rockaway. Graffi financed the purchase with two loans, both from Credit Suisse First Boston (hereinafter CSFB). A note in the principal sum of $372,000 was secured by a senior mortgage (hereinafter the senior mortgage), and a note in the principal sum of $74,400 was secured by a junior mortgage (hereinafter the junior mortgage). Graffi defaulted under the terms of the senior mortgage, and the loan servicer of that mortgage sent him notices of default. The second notice, which was dated December 18, 2006, stated, as relevant here: “[i]f the default is not cured on or before January 22, 2007, the mortgage payments will be accelerated with the full amount remaining accelerated and becoming due and payable in full, and foreclosure proceedings will be initiated at that time” (emphasis in original). The default was not cured, and a foreclosure action with respect to the senior mortgage was commenced in February 2007 (hereinafter the 2007 foreclosure action). On the complaint in the 2007 foreclosure action, the plaintiff was listed as “BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATE HOLDER SCWALT, INC. ALTERNATIVE LOAN TRUST 2005-Jll MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-J11” (hereinafter BoNY). In that complaint, BoNY purportedly accelerated the senior mortgage. BoNY, however, was not yet the holder or assignee of the note secured by the senior mortgage when it commenced the 2007 foreclosure action.
 

 In January 2008, while the 2007 foreclosure action still was pending, Brookhaven Development, LLC (hereinafter Brookha-ven), purchased the property. Brookhaven borrowed money from the Community Preservation Corporation (hereinafter CPC) to purchase the property and finance construction on it. Brookhaven’s loans from CPC (hereinafter the CPC loans) were secured by two mortgages (hereinafter the CPC mortgages). Before the closing, CPC obtained a lender’s policy of title insurance (hereinafter the lender’s title insurance policy) from Stewart Title Insurance Company (hereinafter Stewart).
 

 The senior mortgage and the junior mortgage were supposed to be satisfied at the closing of Brookhaven’s purchase, but “imposters” allegedly appeared at the closing and absconded with the funds that were earmarked for that purpose. Thus, the senior mortgage and the junior mortgage were not satisfied, and Brookhaven took title to the property subject to the senior mortgage, the junior mortgage, and the CPC mortgages. CPC filed a claim with Stewart under the lender’s title insurance policy, seeking indemnification for any losses suffered as “a result of the apparent senior record status” of the senior mortgage.
 

 In May 2009, the Supreme Court dismissed BoNY’s 2007 foreclosure action on the ground that BoNY lacked standing to foreclose the senior mortgage when it commenced the action.
 

 In October 2009, BoNY commenced a second foreclosure action with respect to the senior mortgage (hereinafter the 2009 foreclosure action). In the 2009 foreclosure action, BoNY named as defendants, among others, Brookhaven and CPC. CPC appeared in the action, but Brookhaven and other defendants apparently did not. BoNY, however, failed to move for a default judgment against the defaulting defendants within one year. In February 2013, CPC assigned its rights under the CPC loans and CPC mortgages to Stewart, but remained the party of record in the 2009 foreclosure action.
 

 In May 2013, CPC moved for dismissal of the 2009 foreclosure action. CPC sought dismissal as against Brookhaven and the other defaulting defendants on the ground that BoNY had failed to seek a default judgment against them within one year of their failure to timely appear (see CPLR 3215 [c]). CPC sought dismissal insofar as the action was asserted against it on the ground that, in the absence of Brookhaven — a necessary party under RPAPL 1311 (1) — BoNY could not proceed against CPC either. The Supreme Court granted CPC’s motion in an order dated May 22, 2013. In that order, the court first stated that it was dismissing the complaint insofar as asserted against the defaulting defendants pursuant to CPLR 3215 (c). With respect to CPC, the court noted that BoNY had opposed dismissal. BoNY had argued that the action need not be dismissed as against CPC, because the court could make a determination “as to the status of CPC as a junior lien holder.” Rejecting this argument, the court pointed out that, “when given the opportunity, [BoNY] did not submit evidence to determine the priority of liens; rather, [BoNY] presented evidence in an attempt to make a prima facie showing of its entitlement to foreclose its mortgage and sell the property.” The court concluded that any claim that BoNY may have had against CPC was merely incidental to BoNY’s right to sell the property to satisfy the senior mortgage. The court found that, in the absence of the fee owner (Brookhaven), BoNY could not proceed against CPC either.
 

 In June 2014, Stewart commenced this action pursuant to RPAPL 1501 (4) against BoNY and CSFB (and against Brook-haven, nominally), seeking to cancel and discharge of record the senior mortgage and the junior mortgage. BoNY and CSFB failed to timely appear in the action, and, in August 2014, Stewart moved for leave to enter a default judgment against the defendants. In October 2014, BoNY cross-moved pursuant to CPLR 3012 (d) to vacate its default, or, in the alternative, to compel Stewart to accept a late answer or, pursuant to CPLR 3211 (a) (1) and (7), to dismiss the complaint insofar as asserted against it. The Supreme Court denied Stewart’s motion for leave to enter a default judgment against the defendants, granted BoNY’s cross motion to vacate its default, and, sua sponte, directed dismissal of the complaint insofar as asserted against the remaining defendants. Stewart appeals. We modify.
 

 Mortgages, generally, are payable in installments, but, upon acceleration, the entire remaining principal amount becomes due (see Nationstar Mtge., LLC v Weisblum, 143 AD3d 866, 867 [2016]; EMC Mtge. Corp. v Patella, 279 AD2d 604, 605 [2001]). Acceleration of a mortgage starts running the six-year statute of limitations as to the entire debt (see CPLR 213 [4]; NMNT Realty Corp. v Knoxville 2012 Trust, 151 AD3d 1068, 1069 [2017]; Nationstar Mtge., LLC v Weisblum, 143 AD3d at 867; EMC Mtge. Corp. v Patella, 279 AD2d at 605).
 

 Determining when a mortgage has been accelerated, and, thus, when the statute of limitations began to run, is an essential component of an action pursuant to RPAPL 1501 (4). RPAPL 1501 (4) provides a means by which a party may clear, from its interest or estate in real property, a cloud represented by a stale mortgage: “[w]here the period allowed by the applicable statute of limitation for the commencement of an action to foreclose a mortgage . . . has expired,” any person with an estate or interest in the property may maintain an action “to secure the cancellation and discharge of record of such encumbrance, and to adjudge the estate or interest of the plaintiff in such real property to be free therefrom” (see JBR Constr. Corp. v Staples, 71 AD3d 952, 953 [2010]).
 

 As already noted, BoNY failed to timely answer the complaint in this RPAPL 1501 (4) action, and Stewart sought leave to enter a default judgment. To be entitled to a default judgment pursuant to CPLR 3215 (f), Stewart was required to submit proof of service of the summons and the complaint, proof of the defendant’s default, and “proof of the facts constituting the claim” (see Allstate Prop. & Cas. Ins. Co. v Carrier, 147 AD3d 889, 890 [2017]). Stewart submitted adequate proof that it served the summons and complaint on BoNY and that BoNY failed to timely appear.
 

 Stewart, however, failed to submit adequate proof of the facts constituting its claim. Specifically, Stewart failed to establish that the statute of limitations had expired on an action to foreclose the senior mortgage (see CPLR 3215 [f]; Bank of N.Y. Mellon v Izmirligil, 144 AD3d 1067, 1069 [2016]). Stewart contended, in support of its motion, that the statute of limitations on an action to foreclose the senior mortgage began to run on October 1, 2006, and that it expired no later than October 1, 2012, almost two years before this action was commenced, in June 2014. In support of this contention, Stewart relied on BoNY’s complaint in the 2009 foreclosure action. BoNY had alleged in paragraph 7 of the 2009 complaint that Graffi had failed to make the payment due on November 1, 2006, and all succeeding payments. BoNY had also stated, in paragraph 11 of the 2009 complaint, that the amount due on the senior mortgage “as of the date of said default and as of the time of this Complaint is $365,794.39 plus interest from October 1, 2006.” BoNY did not state in paragraph 11 of the 2009 complaint that it accelerated the mortgage on October 1, 2006. In fact, BoNY said, in paragraph 10 of the 2009 complaint, that it had given Graffi the required notice of default, that the period to cure “has elapsed,” and that BoNY “has elected and hereby elects to declare immediately due and payable the entire unpaid balance of principal.” In other words, BoNY’s 2009 complaint — which is the document that Stewart relied on in this action to establish that BoNY accelerated the senior mortgage as of October 1, 2006 — established, at best, that BoNY accelerated the senior mortgage in the 2009 complaint, and thus, no earlier than the date of the commencement of the 2009 foreclosure action, namely, October 8, 2009. That date is three years later than the date which Stewart contends marked the start of the six-year statute of limitations on an action to foreclose the senior mortgage. Thus, according to Stewart’s own proof, when Stewart commenced this action in June 2014, and when it moved for leave to enter a default judgment in August 2014, the statute of limitations for BoNY to foreclose on the senior mortgage still had more than a year to run. This, in itself, would defeat Stewart’s entitlement to relief under RPAPL 1501 (4).
 

 Stewart sought leave to enter a default judgment not only against BoNY on the senior mortgage, but also against CSFB with respect to the junior mortgage. As against CSFB, Stewart established that it served the summons and complaint on CSFB and that CSFB failed to timely appear, but Stewart failed to submit proof that the junior mortgage was ever accelerated. Thus, Stewart failed to establish that the statute of limitations had ever started to run on an action to foreclose the junior mortgage.
 

 In light of Stewart’s failure to establish its entitlement to a default judgment against BoNY with respect to the senior mortgage, and against CSFB with respect to the junior mortgage, the Supreme Court properly denied Stewart’s motion for leave to enter a default judgment against both BoNY and CSFB.
 

 Next, as to BoNY’s cross motion, the Supreme Court properly granted BoNY’s request to vacate its default pursuant to CPLR 3012 (d). Under CPLR 3012 (d), “[u]pon the application of a party, the court may extend the time to appear or plead, or compel the acceptance of a pleading untimely served, upon such terms as may be just and upon a showing of reasonable excuse for delay or default” (see Fried v Jacob Holding, Inc., 110 AD3d 56, 66 [2013]). A defendant who admits to having defaulted in the action must show that it has a reasonable excuse for its default and a potentially meritorious defense to the action (see Bank of Am., N.A. v Agarwal, 150 AD3d 651, 652 [2017]; Fried v Jacob Holding, Inc., 110 AD3d at 66; Private Capital Group, LLC v Hosseinipour, 86 AD3d 554, 556-557 [2011]). The determination of what constitutes a reasonable excuse lies within the Supreme Court’s discretion (see Gersh-man v Ahmad, 131 AD3d 1104, 1105 [2015]; Fried v Jacob Holding, Inc., 110 AD3d at 60). Here, contrary to Stewart’s contention, the affidavit of loan servicer Samantha Johnson satisfied the admissibility requirements of CPLR 4518 (a) (see Citigroup v Kopelowitz, 147 AD3d 1014, 1015 [2017]), and provided a reasonable excuse for BoNY’s failure to timely answer Stewart’s complaint (see Fried v Jacob Holding, Inc., 110 AD3d at 60).
 

 BoNY also established a potentially meritorious defense to this action. A plaintiff in an action under RPAPL 1501 (4) to clear a mortgage must prove that the statute of limitations on an action to foreclose the mortgage “has expired.” BoNY submitted evidence establishing that the statute of limitations to foreclose the senior mortgage had not expired. BoNY submitted evidence that letters were sent to Graffi in November 2006 and December 2006 notifying him that he was in default on the senior mortgage and informing him that if he did not cure the default, the noteholder would accelerate the mortgage. It also submitted the complaint in the 2009 foreclosure action, which was commenced in October 2009. In that complaint, BoNY accelerated the senior mortgage: “the period to cure, if any, has elapsed and by reason thereof, [BoNY] has elected and hereby elects to declare immediately due and payable the entire unpaid balance of principal.” Inasmuch as BoNY’s evidence, if true, would demonstrate that the six-year statute of limitations to foreclose the senior mortgage started running only in October 2009, BoNY established the potential defense that the statute had not run by June 2014, when Stewart commenced this action to cancel and discharge of record the mortgage.
 

 In sum, in light of the reasonable excuse provided by BoNY, the lack of prejudice to Stewart resulting from BoNY’s short period of delay before it sought Stewart’s consent to an adjournment of its cross motion to vacate that default, the lack of willfulness on the part of BoNY, the existence of a potentially meritorious defense, and the preference for resolution of cases on the merits, the Supreme Court properly granted that branch of BoNY’s cross motion which was to vacate its default in this action (see CPLR 3012 [d]; Spence v Davis, 139 AD3d 703, 704 [2016]; Fried v Jacob Holding, Inc., 110 AD3d at 60-61, 66; Arias v First Presbyt. Church in Jamaica, 97 AD3d 712, 712 [2012]; Stuart v Kushner, 39 AD3d 535, 536 [2007]).
 

 The Supreme Court also properly granted that branch of BoNY’s cross motion which was to dismiss Stewart’s complaint insofar as asserted against it pursuant to CPLR 3211 (a) (7). In considering a motion to dismiss a complaint for failure to state a cause of action pursuant to CPLR 3211 (a) (7), the sole criterion is whether, from the complaint’s “four corners factual allegations are discerned which taken together manifest any cause of action cognizable at law” (Guggenheimer v Ginzburg, 43 NY2d 268, 275 [1977]). “Although the facts pleaded are presumed to be true and are to be accorded every favorable inference, bare legal conclusions as well as factual claims flatly contradicted by the record are not entitled to any such consideration” (Zuniga v BAC Home Loans Servicing, L.P., 147 AD3d 882, 883 [2017] [internal quotation marks omitted]; see Caliguri v JPMorgan Chase Bank, N.A., 121 AD3d 1030, 1030-1031 [2014]).
 

 Stewart alleged in its complaint in this action, which was commenced in June 2014, that the statute of limitations on the senior mortgage began to run on October 1, 2006, and had expired no later than late 2012. But, as we have already discussed, the document upon which Stewart relied in support of that allegation, BoNY’s complaint in the 2009 foreclosure action, in fact refutes that allegation. What was left was Stewart’s bare legal conclusion that the statute of limitations to foreclose the senior mortgage had expired.
 

 It is true, as Stewart contends, that BoNY purported to accelerate the senior mortgage in the complaint it served in February 2007 in the 2007 foreclosure action. That acceleration, however, was a nullity, since BoNY lacked standing to commence the 2007 foreclosure action, which was dismissed on the ground of BoNYs lack of standing (see Wells Fargo Bank, N.A. v Burke, 94 AD3d 980, 983 [2012]; cf. Beneficial Homeowner Serv. Corp. v Tovar, 150 AD3d 657, 658-659 [2017]).
 

 Our dissenting colleague concludes that the senior mortgage was accelerated and the statute of limitations to foreclose it began to run on January 22, 2007, the date on which the cure period stated in the December 18, 2006, default letter expired. That argument is not before us, because Stewart does not contend that the senior mortgage was automatically accelerated upon the expiration of the cure period stated in the December 18, 2006, default letter (see generally Misicki v Caradonna, 12 NY3d 511, 519 [2009]).
 

 Stewart’s final contention is that BoNY is precluded by the doctrine of collateral estoppel from asserting the priority of the senior mortgage with respect to the CPC mortgages. Collateral estoppel applies only “if the issue in the second action is identical to an issue which was raised, necessarily decided and material in the first action, and the plaintiff had a full and fair opportunity to litigate the issue in the earlier action” (Blue Sky, LLC v Jerry's Self Stor., LLC, 145 AD3d 945, 947 [2016] [internal quotation marks omitted]). Moreover, the issue of whether collateral estoppel should be applied in a particular case “turns on general notions of fairness involving a practical inquiry into the realities of the litigation” (Melendez v Mc-Crowell, 139 AD3d 1018, 1020 [2016] [internal quotation marks omitted]; see Jeffreys v Griffin, 1 NY3d 34, 41 [2003]). Collateral estoppel is a “flexible doctrine” and should not be “rigidly or mechanically applied since it is, at its core, an equitable doctrine reflecting general concepts of fairness” (Simpson v Alter, 78 AD3d 813, 814 [2010] [internal quotation marks omitted]).
 

 By May 2013, BoNY’s 2009 foreclosure action could not proceed as a foreclosure action because BoNY had failed to seek a default judgment against Graffi within a year after he defaulted. Graffi, moreover, was a necessary party to that action. Once the action was dismissed as against Graffi, BoNY could not obtain the relief that was the underlying purpose of the action, and proceeding in the action was essentially futile. To nonetheless accord the dismissal of that action preclusive effect as to the priority of the senior mortgage with respect to the CPC mortgages, which were recorded years later, does not serve the purpose of the doctrine of collateral estoppel (see id. at 814).
 

 Inasmuch as BoNY demonstrated that Stewart’s allegation that the statute of limitations to enforce the senior mortgage had run was “not a fact at all” and “it can be said that no significant dispute exists regarding it” (Caliguri v JPMorgan Chase Bank, N.A., 121 AD3d at 1031; see Guggenheimer v Ginzburg, 43 NY2d at 275), and BoNY was not precluded from asserting the priority of the senior mortgage over the CPC mortgages, the Supreme Court properly granted that branch of Bony’s cross motion which was to dismiss Stewart’s complaint insofar as asserted against it pursuant to CPLR 3211 (a) (7).
 

 Finally, the Supreme Court should not have directed dismissal of Stewart’s complaint insofar as asserted against CSFB and Brookhaven. CSFB and Brookhaven never appeared in the action or sought relief, and the issues relating to the senior mortgage and the junior mortgage are not identical. Moreover, the fee owner, Brookhaven, is sued here as a nominal defendant only. Balkin, J.P., Hall and Connolly, JJ., concur.
 

 Hinds-Radix, J., concurs in part and dissents in part, and votes to modify the order appealed from, on the law, (1) by deleting the provision thereof denying that branch of the plaintiff’s motion which was for leave to enter a default judgment against the defendant Bank of New York Mellon, formerly known as Bank of New York, as trustee for the Certificatehold-ers CWALT, Inc., Alternative Loan Trust 2005-J11, Mortgage Pass-Through Certificates, Series 2005-J11, and substituting therefor a provision granting that branch of the motion, (2) by deleting the provision thereof granting that branch of the cross motion of that defendant which was to dismiss the complaint insofar as asserted against it, and substituting therefor a provision denying that branch of the cross motion, and (3) by deleting the provision thereof, sua sponte, directing dismissal of the complaint insofar as asserted against the defendants Credit Suisse AG, successor by merger to Credit Suisse First Boston Financial Corporation, and Brookhaven Development, LLC, and as so modified, to affirm the order, with the following memorandum: In 2005, Gitit Graffi purchased the subject property and incurred a senior mortgage lien in favor of Credit Suisse First Boston (hereinafter CSFB) in the sum of $372,000 and a junior mortgage lien in favor of CSFB in the sum of $74,400. Upon Graffi’s default under the terms of the note and senior mortgage in the principal amount of $372,000, the loan servicer served Graffi with a notice of default dated November 16, 2006. On December 18, 2006, the loan servicer issued another notice of default to Graffi, in compliance with section 22 of the senior mortgage, stating that if the default was not cured on or before January 22, 2007, “the mortgage payments will be accelerated” (emphasis in original). The default was not cured.
 

 A foreclosure action commenced in 2007 by Bank of New York Mellon, formerly known as the Bank of New York (hereinafter BoNY), as assignee of the senior mortgage, claimed that “[plursuant to the terms of said instruments,] notice of default has been duly given to the defendants GITIT GRAFI [sic] if required, and the period to cure, if any, has elapsed and by reason thereof, Plaintiff has elected and hereby elects to declare immediately due and payable the entire unpaid balance of principal” (emphasis added). That action was dismissed for lack of standing in May 2009.
 

 In 2008, the plaintiff’s subrogor, the Community Preservation Corporation (hereinafter CPC), issued a mortgage loan to the new owner of the subject property, the defendant Brookha-ven Development, LLC (hereinafter Brookhaven). Although the loan proceeds were intended to satisfy the outstanding senior and junior mortgage liens, the proceeds allegedly were stolen by imposters at the closing and those mortgage liens remained unsatisfied.
 

 In October 2009, BoNY commenced yet another foreclosure action, against, among others, the fee owner, Brookhaven, and the plaintiff’s subrogor, CPC, alleging that the outstanding principal on the senior mortgage was due as of October 1, 2006. The complaint in the 2009 action repeated the assertion made in the 2007 action that “[plursuant to the terms of said instruments,] notice of default has been duly given to the defendants GITIT GRAFI [sic] if required, and the period to cure, if any, has elapsed and by reason thereof, Plaintiff has elected and hereby elects to declare immediately due and payable the entire unpaid balance of principal” (emphasis added). In May 2013, that action was dismissed. The action was dismissed against Brookhaven for failure to seek a default judgment within one year. With respect to CPC, the court noted that BoNY was seeking a determination that CPC’s mortgage lien was junior to BoNY’s mortgage lien, but, “when given the opportunity, plaintiff did not submit evidence to determine the priority of liens.”
 

 In 2014, the plaintiff, Stewart Title Insurance Company (hereinafter Stewart), as subrogee of CPC, commenced this action against BoNY as holder of the senior mortgage lien originally in the principal sum of $372,000, and against CSFB as holder of the junior lien, and against Brookhaven as owner of the subject property. The complaint alleged that “[t]he period of time permitted by the applicable statute of limitation for the commencement of an action to foreclose the [BoNY] Mortgage has expired,” and further stated that the “entire outstanding principal loan balance” became due as of October 1, 2006, the same date specified by BoNY in its complaint in the 2009 foreclosure action.
 

 After the defendants failed to timely appear in the action, Stewart moved for leave to enter a default judgment against them, relying, inter alia, upon BoNY’s complaint in the 2009 foreclosure action and the order dismissing that action. Stewart contended that the limitations period for enforcing the mortgage had expired, and the 2009 foreclosure action was dismissed “[a]fter a trial.”
 

 BoNY cross-moved to vacate its default in appearing or answering the complaint, for leave to serve a late answer, and to dismiss the complaint insofar, as asserted against it pursuant to CPLR 3211 (a) (1) and (7). In support of the cross motion, it submitted copies of the default notices. It argued that the dismissal of the 2009 foreclosure action, after the parties appeared for trial, was for lack of prosecution rather than on the merits, and therefore, did not preclude commencement of a new action.
 

 In opposition to the cross motion, and in further support of its motion, Stewart submitted a copy of the verified complaint in the 2007 foreclosure action. The Supreme Court denied the motion, granted the cross motion, and directed dismissal of the complaint against all the defendants. Stewart appeals.
 

 RPAPL 1501 (4) authorizes a person having an estate or interest in real property subject to a mortgage to maintain an action against another to secure the cancellation and discharge of record of such encumbrance where the period allowed by the applicable statute of limitations for the commencement of an action to foreclose the mortgage has expired, provided, however, that the mortgagee or its successor is not in possession of the affected real property at the time of the commencement of the action (see RPAPL 1501 [4]; Kashipour v Wilmington Sav. Fund Socy., FSB, 144 AD3d 985 [2016]; Caliguri v JPMorgan Chase Bank, N.A., 121 AD3d 1030 [2014]). An action to foreclose a mortgage is subject to a six-year statute of limitations (see CPLR 213 [4]). “The law is well settled that, even if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the Statute of Limitations begins to run on the entire debt” (EMC Mtge. Corp. v Patella, 279 AD2d 604, 605 [2001]; see Kashipour v Wilmington Sav. Fund Socy., FSB, 144 AD3d at 986; Nationstar Mtge., LLC v Weisblum, 143 AD3d 866 [2016]; Wells Fargo Bank, N.A. v Burke, 94 AD3d 980 [2012]).
 

 As noted by my colleagues in the majority, Stewart, in support of its motion for leave to enter a default judgment, submitted proof of service of a copy of the summons and complaint, and proof of the defendants’ default in answering the complaint (see CPLR 3215 [fl; Bank of N.Y. Mellon v Izmirligil, 144 AD3d 1067, 1069 [2016]). Further, documentary evidence was submitted indicating, inter alia, that Graffi was served with default notices giving him an opportunity to cure, the period to cure expired, and upon expiration of the cure period, the payment of the full principal of the senior mortgage was accelerated (see Deutsche Bank Natl. Trust Co. v Royal Blue Realty Holdings, Inc., 148 AD3d 529 [2017]; Mazzella v Capital One, N.A., 2017 NY Slip Op 30721 [U] [Sup Ct, NY County 2017]).
 

 In support of the motion for leave to enter a default judgment, Stewart asserted that the principal loan balance secured by the senior mortgage had been accelerated and was due in late 2006 and specified that date in its complaint as October 1, 2006, which was the same date specified by BoNY in the 2009 foreclosure action.
 

 To defeat a facially adequate CPLR 3215 motion, a defendant must show either that there was no default, or that it has a reasonable excuse for its delay and a potentially meritorious defense (see Fried v Jacob Holding, Inc., 110 AD3d 56, 60 [2013]). Considering the short nature of the delay, BoNY’s explanation for the delay was reasonable (see Vallario v 25 W. 24th St. Flatiron, LLC, 149 AD3d 791 [2017]; Fried v Jacob Holding, Inc., 110 AD3d at 60).
 

 However, BoNY failed to establish a potentially meritorious defense to the action. As noted by my colleagues in the majority, BoNY could not accelerate the payment of the principal by commencement of the 2007 foreclosure action, since it lacked standing to commence that action (see Wells Fargo Bank, N.A. v Burke, 94 AD3d 980 [2012]). However, in this case, the balance due was accelerated in early 2007, when the period to cure expired. The fact that Stewart initially asserted that the acceleration occurred in October 2006, rather than early 2007, is not fatal to the claim, since it appears that Stewart relied upon the date specified by BoNY in the 2009 foreclosure action. Stewart also relied upon BoNY’s complaint in the 2007 foreclosure action and the 2009 foreclosure action, wherein BoNY stated that “[p]ursuant to the terms of said instruments,] notice of default has been duly given to the defendants ... if required, and the period to cure, if any, has elapsed and by reason thereof, [Stewart] has elected and hereby elects to declare immediately due and payable the entire unpaid balance of principal” (emphasis added). Although both the 2007 and the 2009 foreclosure actions were later dismissed, the statements therein that the payment of the mortgage principal was accelerated because the period to cure had expired constituted informal judicial admissions constituting evidence supporting Stewart’s position (see Michigan Natl. Bank-Oakland v American Centennial Ins. Co., 89 NY2d 94, 103 [1996]; Ocampo v Pagan, 68 AD3d 1077, 1078 [2009]).
 

 Further, Stewart’s subrogor, CPC, was a party to the 2009 foreclosure action. The order dismissing the 2009 foreclosure action states that BoNY sought a determination in that action “as to the status of CPC as a junior lien holder,” and then, after BoNY was “given the opportunity” to show that its mortgage lien was superior to the mortgage lien held by CPC as Stewart’s subrogor, and failed to do so. That determination precluded BoNY from relitigating the priority of its rights over CPC and its subrogee, Stewart, pursuant to the doctrines of res judicata, and/or collateral estoppel. The doctrine of res judicata bars a party from relitigating any claim which could been or should have been litigated in a prior proceeding, while collateral estoppel precludes a party from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party or those in privity (see Paar v Bay Crest Assn., 140 AD3d 1137, 1139 [2016]).
 

 Stewart, as CPC’s subrogee, stands in the shoes of CPC (see United States Fid. & Guar. Co. v Smith Co., 46 NY2d 498, 504 [1979]). The rights of Graffi — who no longer owned the subject property — were not relevant here. Rather, the priority of CPC’s lien was relevant. The 2009 action by BoNY insofar as that action was against CPC involved the same issues in this case, to wit, whether CPC’s rights are superior to BoNY’s rights. In the 2009 action, the issue of the priority of those liens was raised, and BoNY clearly had an opportunity to litigate its claim that its interest is superior to CPC’s interest, by presenting evidence at a trial, and failed to do so. Thus, the “full and fair opportunity” to litigate prerequisite to collateral estoppel was satisfied (D'Arata v New York Cent. Mut. Fire Ins. Co., 76 NY2d 659, 664 [1990]). The dismissal based upon failure of proof at trial is a determination on the merits (see Sharp v Norwood, 89 NY2d 1068, 1069 [1997]).
 

 Accordingly, that branch of Stewart’s motion which was for leave to enter a default judgment against BoNY should have been granted.
 

 I agree with my colleagues in the majority that the plaintiff failed to establish that the junior mortgage obligation was accelerated, and the sua sponte direction of dismissal of the complaint insofar as asserted against CSFB and Brookhaven was improper.