Scifo v Taibi (2021 NY Slip Op 05362)





Scifo v Taibi


2021 NY Slip Op 05362


Decided on October 6, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 6, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
REINALDO E. RIVERA
COLLEEN D. DUFFY
WILLIAM G. FORD, JJ.


2018-00184
 (Index No. 706728/17)

[*1]Angelo Scifo, appellant,
v
Franco Taibi, et al., respondents.


Law Office of Joseph S. Gulino, Jr., Esq., PLLC, White Plains, NY, for appellant.
Keidel, Weldon & Cunningham, LLP, White Plains, NY (Howard S. Kronberg of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for fraud and conversion, the plaintiff appeals from an order of the Supreme Court, Queens County (Robert J. McDonald, J.), entered November 3, 2017. The order granted the defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff alleges that the defendant Franco Taibi used threats and intimidation to induce the plaintiff to transfer approximately $1,100,000 to him during the time period between 2009 and 2015. On July 11, 2017, the plaintiff commenced this action alleging, inter alia, assault, intentional infliction of emotional distress, negligent infliction of emotional distress, intentional or malicious harm to another, conversion, fraud and deceit, and unjust enrichment, as well as demanding an accounting.
The defendants moved pursuant to CPLR 3211(a) to dismiss the complaint as time-barred and for failure to state a cause of action. In an order entered November 3, 2017, the Supreme Court granted the motion. The plaintiff appeals.
The Supreme Court correctly granted that branch of the defendants' motion which was to dismiss the intentional tort causes of action as time-barred according to their applicable one-year statute of limitations (see Dray v Staten Is. Univ. Hosp., 160 AD3d 614, 617; CPLR 215[3]).
Further, contrary to the plaintiff's contention, he failed to meet his burden of proving that the statute of limitations for the intentional tort causes of action should have been tolled pursuant to CPLR 208. CPLR 208(a) states that, "[i]f a person entitled to commence an action is under a disability because of infancy or insanity at the time the cause of action accrues, . . . the time within which the action must be commenced shall be extended." "The term 'insanity' is not defined in CPLR 208 and the toll of the statute applies 'to only those individuals who are unable to protect their legal rights because of an over-all inability to function in society'" (Kelly v Solvay Union Free School Dist., 116 AD2d 1006, 1006, quoting McCarthy v Volkswagen of Am., 55 NY2d 543, 548). CPLR 208 is subject to narrow interpretation (see Thompson v Metropolitan Transp. Auth., 112 [*2]AD3d 912). Here, the plaintiff did not provide any evidence that he was unable to function in society at the time that the action accrued, as there was evidence that he was gainfully employed and participated as a plaintiff in two separate lawsuits during this time. Accordingly, the causes of action alleging assault, intentional infliction of emotional distress, and intentional harm, all which have a one-year statute of limitations, were time-barred in their entirety (see CPLR 215).
"The elements of a cause of action based on fraud are 'a representation of material fact, the falsity of that representation, knowledge by the party who made the representation that it was false when made, justifiable reliance by the plaintiff, and resulting injury'" (Lebovits v Bassman, 120 AD3d 1198, 1198, quoting Global Mins. & Metals Corp. v Holme, 35 AD3d 93, 98). "Additionally, to state a cause of action alleging fraud, the complaint must set forth in detail the complained of misconduct" (IndyMac Bank, F.S.B. v Vincoli, 105 AD3d 704, 707). Here, the plaintiff did not plead the fraud cause of action with the requisite detail and sufficient specificity, either as to the misrepresentations of fact allegedly made by Taibi, or as to how or why the plaintiff justifiably relied on these alleged misrepresentations. Therefore, the Supreme Court properly granted that branch of the defendants' motion which was to dismiss the cause of action alleging fraud.
"A cause of action to recover damages for negligent infliction of emotional distress, which no longer requires physical injury as a necessary element, 'generally must be premised upon the breach of a duty owed to the plaintiff which either unreasonably endangers the plaintiff's physical safety, or causes the plaintiff to fear for his or her own safety'" (Santana v Leith, 117 AD3d 711, 712, quoting Sheila C. v Povich, 11 AD3d 120, 130). Such a cause of action must fail where "'no allegations of negligence appear in the pleadings'" (Daluise v Sottile, 40 AD3d 801, 803, quoting Russo v Iacono, 73 AD2d 913, 913). Here, as the complaint only alleges intentional conduct by Taibi, there is no basis for a cause of action sounding in negligence (see Trayvilla v Japan Airlines, 178 AD3d 746, 747). Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was to dismiss the cause of action alleging negligent infliction of emotional distress.
"A cause of action alleging conversion should be dismissed when the plaintiff does not allege 'legal ownership or an immediate right of possession to specifically identifiable funds and that the defendant exercised an unauthorized dominion over such funds to the exclusion of the plaintiff's rights'" (CSI Group, LLP v Harper, 153 AD3d 1314, 1320, quoting Whitman Realty Group, Inc. v Galano, 41 AD3d 590, 592). "Money, if specifically identifiable, may be the subject of a conversion action" (Petrone v Davidoff Hutcher & Citron, LLP, 150 AD3d 776, 777 [internal quotation marks omitted]). Here, the complaint failed to allege a specifically identifiable sum of money converted by Taibi. Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was to dismiss the causes of action alleging conversion.
"The basis of a claim for unjust enrichment is that the defendant has obtained a benefit which in 'equity and good conscience' should be paid to the plaintiff" (Corsello v Verizon N.Y., Inc., 18 NY3d 777, 790, quoting Mandarin Trading Ltd. v Wildenstein, 16 NY3d 173, 182). "An unjust enrichment claim is not available where it simply duplicates, or replaces, a conventional contract or tort claim" (Corsello v Verizon N.Y., Inc., 18 NY3d at 790). Here, as the cause of action alleging unjust enrichment simply duplicates his other tort causes of action, the Supreme Court properly granted that branch of the defendants' motion which was to dismiss the cause of action alleging unjust enrichment.
"'To obtain an accounting, a plaintiff must show that there was some wrongdoing on the part of a defendant with respect to the fiduciary relationship' concerning property in which the plaintiff has an interest" (Pacella v RSA Consultants, Inc., 164 AD3d 806, 808, quoting Benedict v Whitman Breed Abbott & Morgan, 110 AD3d 935, 938). Here, as the complaint failed to allege any facts from which a fiduciary relationship between the plaintiff and the defendants might be inferred (see Lake Overlook Partners, LLC v Sosa, 163 AD3d 945, 947), the Supreme Court properly granted that branch of the defendants' motion which was to dismiss the cause of action demanding an accounting.
LASALLE, P.J., RIVERA, DUFFY and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court