■ DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee for AMERICAN HOME MORTGAGE ASSET TRUST 2006-6, MORTGAGE-BACKED PASS-THROUGH CERTIFICATES SERIES 2006-6, Appellant, v ROYAL BLUE REALTY HOLDINGS, INC., Respondent, et al., Defendants. DEUTSCHE BANK NATIONAL TRUST COMPANY,

as Trustee for AMERICAN HOME MORTGAGE ASSET TRUST 2007-1, MORTGAGE-BACKED PASS-THROUGH CERTIFICATES 2007-1, Appellant, v UNKNOWN HEIRS OF THE ESTATE OF SERGE SOUTO et al., Defendants, and ROYAL BLUE REALTY HOLDINGS, INC., Respondent. DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee for AMERICAN HOME MORTGAGE ASSET TRUST 2006-6, MORTGAGE-BACKED PASS-THROUGH CERTIFICATES SERIES 2006-6, Appellant, v UNKNOWN HEIRS OF THE ESTATE OF SERGE SOUTO et al., Defendants, and ROYAL BLUE REALTY HOLDINGS, INC., Respondent. [48 NYS3d 597]—

Orders, Supreme Court, New York County (Arlene P. Bluth, J.), entered on or about July 6, 2016, which granted the motions of defendant Royal Blue Realty Holdings, Inc. for summary judgment dismissing the complaints as time-barred, and denied plaintiff's cross motions for summary judgment, unanimously affirmed, with costs.

The motion court properly determined that the actions are time-barred since they were commenced more than six years from the date that all of the debt on the mortgages was accelerated (CPLR 213 [4]). The letters from plaintiff's predecessor-in-interest provided clear and unequivocal notice that it "will" accelerate the loan balance and proceed with a foreclosure sale, unless the borrower cured his defaults within 30 days of the letter. When the borrower did not cure his defaults within 30 days, all sums became immediately due and payable and plaintiff had the right to foreclose on the mortgages pursuant to the letters. At that point, the statute of limitations began to run on the entire mortgage debt (*see CDR Créances S.A. v Euro-American Lodging Corp.*, 43 AD3d 45, 51 [1st Dept 2007]). Concur—Tom, J.P., Acosta, Kapnick, Kahn and Gesmer, JJ. **[Prior Case History: 2016 NY Slip Op 31259(U).]**