Vargas v Deutsche Bank Natl. Trust Co. (2019 NY Slip Op 00681)





Vargas v Deutsche Bank Natl. Trust Co.


2019 NY Slip Op 00681


Decided on January 31, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 31, 2019

Richter, J.P., Manzanet-Daniels, Tom, Kahn, Singh, JJ.


8276 302647/16

[*1]Juan Vargas, Plaintiff-Respondent,
v
Deutsche Bank National Trust Company, Defendant-Appellant.


Greenberg Traurig, LLP, New York (Brian Pantaleo of counsel), for appellant.
Steinberg & Associates, Kew Gardens (Herbert N. Steinberg of counsel), for respondent.



Order, Supreme Court, Bronx County (Julia I. Rodriguez, J.), entered on or about October 19, 2017, which, upon renewal, denied defendant's motion to dismiss the complaint and granted plaintiff's cross motion for summary judgment declaring plaintiff's property free and clear of all liens and encumbrances by defendant, unanimously affirmed, with costs.
The motion court correctly determined that defendant was time-barred from commencing a foreclosure action against plaintiff's mortgaged property because more than six years had passed from the date that the debt on the mortgage was accelerated (CPLR 213[4]). The 2008 letter from defendant's predecessor-in-interest informed plaintiff that his debt "will [be] accelerate[d]" and "foreclosure proceedings will be initiated" if he failed to cure his default within 32 days of the letter. The letter highlighted that time was of the essence and it is undisputed that plaintiff did not cure his default within the time period.
We have held that this language constitutes a clear and equivocal intent to accelerate the loan balance and commence the statute of limitations on the entire mortgage debt (Deutsche Bank Natl. Trust Co. v Royal Blue Realty Holdings, Inc., 148 AD3d 529 [1st Dept 2017], lv denied 30 NY3d 960 [2017]).
Moreover, given defendant's continued efforts, including sending letters attempting to collect from plaintiff the accelerated mortgage debt and informing him that any payments made in contribution to the entire debt "will not be deemed a waiver of the acceleration of [his] loan," there is no basis for a finding that discontinuance of the prior foreclosure action constituted an affirmative act by defendant to revoke the acceleration (see NMNT Realty Corp. v Knoxville 2012 Trust, 151 AD3d 1068 [2d Dept 2017]).
We have considered defendant's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 31, 2019
DEPUTY CLERK